## VAGIAKOS v. VAGIAKOS.

1. DIVORCE—IMMORAL WIFE UNFIT TO HAVE CUSTODY OF MINOR SON.

   A wife who, for several years before separation and divorce from her husband, refused to cohabit with him, sustained immoral relations with another man, and aided and abetted him in an attack upon her husband while he slept, is not a proper person to have the custody and care of an eight-year old son.

2. SAME — HUSBAND ALLOWED HIS PROPERTY ON DIVORCE FROM GUILTY WIFE—PROVISION IN LIEU OF DOWER.

   On granting husband decree of divorce from wife guilty of adultery who withdrew his funds from the bank and appropriated same, and who, in breach of faith, took title to building in her own name for which he had provided the funds to purchase a one-half interest, and which was used by a partnership in which he had a one-half interest, he is decreed entitled to retain his interest in the partnership and in the building, and, although not entitled to alimony, she is permitted to retain the money abstracted as a provision in lieu of dower under the statute.

Appeal from Lenawee; Sampson (Jacob N.), J. Submitted April 24, 1928. (Docket No. 81, Calendar No. 33,644.) Decided June 4, 1928.

Bill by Peter Vagiakos against Helen Vagiakos for a divorce. From the decree rendered, plaintiff appeals. Modified and affirmed.

As to effect of immorality of mother as ground to deprive her of custody of child, see annotation in 41 L. R. A. (N. S.) 603; 9 R. C. L. 475; 2 R. C. L. Supp. 810; 4 R. C. L. Supp. 608; 5 R. C. L. Supp. 513.

*Continued from Vol. 242.

*Glenn L. Williams* and *MacKay, Wiley, Streeter, Smith & Tucker,* for plaintiff.

*Baldwin & Alexander,* for defendant.

CLARK, J.    Plaintiff was granted divorce on his bill.    Defendant was awarded the custody of their child, a boy nearly eight years old, and she was given the greater portion of the property.    Plaintiff has appealed.

The record is convincing that defendant became infatuated with another man, that her relations with him were immoral, that for years before separation and divorce she refused to cohabit with her husband, that she aided and abetted her paramour to attack her husband while he slept at home and to beat him almost to death.    She withdrew from the bank considerable sums of money, exhausted the account, belonging to the husband and deposited in her name, a large part of which she intrusted or loaned to her brother.

Plaintiff owned as a partner one-half interest in a candy and ice cream business at Tecumseh.    He provided funds to purchase one-half interest in the building used by the partners, but defendant, in furtherance of her plan and in breach of faith, took title to the same in her name.    For considerable time plaintiff has kept the boy in a good home and in school and has given him proper care and maintenance.

On the record itself, and we are confined to it, we are constrained to disagree with the trial judge and to find that defendant is not a suitable person to have the care and custody of the boy and that plaintiff is a fit and suitable person.    The decree will be modified to give plaintiff the custody of the child.

Appellant contends that he should have his one-half interest in both his business and the building.    We agree with him, and decree may so provide.    Defendant on this record is not entitled to alimony, but in

view of appellant's position on appeal, her right to have whatever remains of her abstractions from the bank is confirmed, and the same will be treated in decree as a provision in lieu of dower under the statute. So modified, the decree is affirmed, without costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, McDONALD, and SHARPE, JJ., concurred. POTTER, J., did not sit.