GODDARD *v.* GODDARD.

1. DIVORCE—DIVISION OF PROPERTY—EQUITY.
   Approximately equal division of property in divorce case between 58-year old plaintiff wife and 71-year old husband who had been married about 6 years and had had about an equal amount of property at time of marriage *held*, equitable where $7,000 worth of property had diminished to $4,000 value due in part to limited earning capacity and presence of plaintiff's relatives in the home during a large portion of the married life, who contributed but small amounts toward living expenses.

2. SAME—SETTING ASIDE CONVEYANCES FROM HUSBAND TO WIFE—FRAUD.

In divorce suit between parties who had each been married before marrying each other and who placed most of their property in joint ownership shortly after marriage, action of 58-year old wife in procuring entire title to substantially all of property remaining after about 6 years of marriage *held*, a fraud upon 71-year old husband at time of divorce within 6 months thereafter, entitling him to have conveyances set aside and have property approximately equally divided.

3. SAME—FRAUD—EVIDENCE.

In suit for divorce brought by 58-year old wife against 71-year old husband, inference of fraud upon her part *held*, fairly drawn where domestic trouble leading to divorce developed in less than 6 months after she procured entire title to substantially all property they had left after marriage lasting about 6 years.

4. SAME—FRAUD—WIFE'S SOLE PROPERTY—DIVISION OF PROPERTY.

Although it is not within the power of the trial court in a suit for divorce to transfer property of which a wife is the *bona fide* sole owner to the husband, where she procured conveyance thereof to herself from him by fraudulent means, court has power to adjust equities the same as though such fraudulent conveyance had not been made (3 Comp. Laws 1929, § 12740).

Appeal from Lapeer; Cramton (Louis C.), J. Submitted October 6, 1938. (Docket No. 65, Calendar No. 40,051.) Decided November 10, 1938.

Bill by Emily Goddard against William J. Goddard for divorce on grounds of extreme cruelty. Cross-bill by defendant against plaintiff for a divorce on grounds of extreme cruelty and to set aside a deed. Decree granting plaintiff a divorce, setting aside deed and awarding property. Plaintiff appeals. Affirmed.

*Herbert W. Smith,* for plaintiff.

*Geo. W. DesJardins,* for defendant.

NORTH, J.   Plaintiff, who was granted a decree of divorce, has appealed from that portion of the decree by which the court adjusted the property rights of the parties.  Plaintiff's bill charging extreme cruelty was answered by defendant and by cross-bill he charged plaintiff with extreme cruelty, sought divorce on that ground, and further prayed that certain assignments or conveyances by him to plaintiff be set aside on the ground that they were procured by fraud.·

These parties were married April 18, 1931.  Each had been previously married.  Neither had children.  At the time this case was heard plaintiff was 58 years of age and defendant 71.   Shortly after their marriage they placed practically all of their property in joint ownership.   Its total value was somewhat in excess of $7,000, of which slightly more than half had been previously owned by defendant.  At the time of divorce the total value of the property of these parties, which they held in lieu of the properties formerly owned, was somewhat less than $4,000.   The circuit judge accounted for this diminution in value by the limited earning capacity of these parties during the period they were married and also, and perhaps primarily, because of the fact that during a large portion of the married life of these parties from two to four of plaintiff's relatives lived in the Goddard home; and while so living these relatives of plaintiff made but small contribution to the living expenses.   The record does not disclose any particular domestic trouble between these parties until less than a year preceding their separation in August, 1937.   In March, 1937, at the request of plaintiff, a conveyancer came to the Goddard home and Mr. Goddard then quitclaimed to plaintiff his interest in a parcel of land to which these parties held title jointly and he also assigned his interest as a joint contract

vendee of the property occupied by the parties to his
wife. So that she thereafter was the sole owner of
their interest in these two properties which consti-
tuted substantially all they then possessed. The por-
tion of the decree of which plaintiff complains is the
provision whereby this assignment was set aside and
this particular property right was given to Mr. God-
dard. We think the record sustains the conclusion of
the circuit judge that the domestic troubles which led
to the separation of these parties when defendant left
their home the following August arose subsequent to
the assignment just above mentioned. In his opinion
the circuit judge said:

"And it is significant in the relations between the
parties, the unpleasantness was almost, if not en-
tirely, after the property was put in her name with-
out any real consideration. * * * And then we will
consider the subsequent history of the parties there
was in effect a fraud in the transaction. The court
feels therefore, that those two deeds (deed and as-
signment) should not be permitted to stand."

Touching his conveyance of his property rights to
plaintiff, the defendant in his cross-bill sets up that
he was induced to make the transfer of his property
to his wife under her promise that she would main-
tain, care for and support him during the balance of
his natural life. But he alleges that at the time of
procuring his property rights from him plaintiff had
no intention of fulfilling her promises; and under the
circumstances he was fraudulently induced to con-
summate the transfer, and shortly thereafter he was
compelled to leave the home which was then occupied
by the parties together with plaintiff's father and
mother.

By his decree the circuit judge endeavored to make
practically an equal division of the property between

these litigants. Our review of the record satisfies us that this was substantially accomplished, and further that it was in accordance with the equities of the case. Appellant's contention, as we understand it, that the circuit judge was without power to vest in the husband title to property which the wife held in her sole right, cannot be sustained under the circumstances of this particular record. As above indicated, the circuit judge found, and we think properly so, that the wife perpetrated a fraud upon the husband in obtaining from him an assignment and conveyance to her of his property rights. Her contention on this appeal that there is no evidence of a fraud cannot be sustained in the light of the fair inferences which may be drawn from the rapid development of subsequent events in the domestic life of these parties. While in the adjustment of the property rights of parties to a divorce suit it is not within the power of the trial court to transfer property of which the wife is the *bona fide* sole owner to the husband (3 Comp. Laws 1929, § 12740 [Stat. Ann. § 25.98]), still in cases of the character disclosed by this record, it is within the power of the court to set aside a transaction consummated through the wife's fraud upon the husband, and to adjust equitably their property rights in case of divorce the same as though such fraudulent conveyance had not been made. *Vagiakos* v. *Vagiakos,* 243 Mich. 1; *Gee* v. *Gee,* 254 Mich. 415. In this latter case (quoting from syllabus), we held:

"Where wife induced husband to convey to her property standing in their joint names, and concealed from him her intention of abandoning him as soon as this was done, her action in suing for divorce after obtaining the property was a fraud on him."

The decree entered in the circuit court is affirmed. No costs were awarded in the circuit court and none will be awarded in this court.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and MCALLISTER, JJ., concurred. BUTZEL, J., did not sit.