## WALKER *v.* WALKER.

1. DIVORCE—MARRIAGE VOID AB INITIO.

   In suit for divorce, evidence sustained finding that because of pre-existing marriage which continued up to time of trial, the alleged common-law marriage between plaintiff and defendant was void *ab initio*.

2. SAME—LIMITED CHANCERY JURISDICTION.

   In this State the chancery jurisdiction in a divorce case is a limited chancery jurisdiction and the bill in such case cannot go beyond the scope of the statute and include matters that are of a general chancery nature and jurisdiction.

3. SAME—JURISDICTION—PARTIES—STATUTES—CONSPIRACY TO DE-FRAUD WIFE.

   Divorce suits are special statutory proceedings, limited to litigating domestic relations between husband and wife to the exclusion of third parties who can only be brought in as defendants where it is alleged that they have conspired with the husband to transfer property subject to plaintiff's claim for alimony with intent to defraud her.

4. SAME—JURISDICTION—STATUTES.

   Judicial power to decree divorce is purely statutory and the ordinary principles of equity jurisdiction do not obtain. ·

5. SAME—MARRIAGE VOID AB INITIO—DETERMINATION OF PROPERTY RIGHTS.

   Where· trial court found in suit for divorce that the· alleged common-law marriage between the parties was void *ab initio* because of the pre-existing and continuing marriage of defendant, it was error in proceeding to determine the property rights of the parties, a determination which must be made in a different suit.

REFERENCES FOR POINTS IN HEADNOTES

[5] 35 Am. Jur., Marriage, § 53. ·

6. SAME—PROPERTY RIGHTS—STATUTES—MARRIAGE VOID AB INITIO.
     Statutes giving wife right to possession of her real estate upon
       declaration of nullity of marriage and restoring her property
       in case of divorce do not benefit plaintiff woman where,
       because of pre-existing and continuing marriage of defend-
       ant to another woman, she had never been married to de-
       fendant (3 Comp. Laws 1929, §§ 12740, 12741).

7. SAME—MARRIAGE VOID AB INITIO—DETERMINATION OF PROPERTY
     RIGHTS—PREJUDICE.
     Where plaintiff woman sought divorce and an adjudication of
       property rights and trial court's determination that alleged
       common-law marriage with plaintiff was void *ab initio* be-
       cause of pre-existing and continuing marriage of defendant
       was proper, refusal to make an award of property rights is
       without prejudice to her right to file and maintain a different
       suit under the general chancery jurisdiction.

Appeal from Superior Court of Grand Rapids;
Taylor (Thaddeus B.), J. Submitted October 5,
1948. (Docket No. 23, Calendar No. 44,153.) De-
cided December 17, 1948. Rehearing denied Feb-
ruary 28, 1949.

Bill by Edna M. Walker against Lawrence Walker
for divorce and other relief. Decree that parties
were not married and awarding plaintiff a lien upon
property in name of defendant. Defendant appeals.
Decree reversed as to portion settling property
rights.

*Floyd H. Skinner* and *Alphonse Lewis, Jr.,* for
plaintiff.

*Irving H. Smith* and *Henry C. Hart,* for defend-
ant.

REID, J. Plaintiff filed a bill for divorce. From a
decree which determined that because of a prior
marriage of the defendant, the alleged common-law
marriage between plaintiff and defendant was void,

and which awarded property rights to plaintiff, the defendant appeals.

The bill alleged that on or about July 10, 1941, the parties, being competent to marry, made a mutual agreement to marry and held each other out as husband and wife respectively, continuously thereafter until the date of the separation of the parties, about February 6, 1947, and that the parties lived and cohabited together as husband and wife until about that date.

Plaintiff testified that she and defendant both worked and that their joint earnings, over and above what was used for family expenses, went into the purchase of the property of the parties. Plaintiff further testified that she did not know of defendant's pre-existing marriage, at the inception of nor during the cohabitation of plaintiff and defendant herein.

Defendant testified that on or about January 31, 1925, he obtained a marriage license in the county of Tulsa, State of Oklahoma. A certificate of marriage performed by Roy S. Sherry, justice of the peace of Tulsa in Tulsa county, Oklahoma, certified that he married the defendant, Lawrence Walker, to Miss Mary D. Jackson, on January 31, 1925, at Tulsa. The defendant further testified that he had never obtained a divorce and the deposition of Mary D. Walker was offered in evidence in which she testified that she never obtained a divorce from Lawrence Walker.

The showing seems to be very complete that the defendant Lawrence Walker was married to Mary D. Walker at the time of the inception of the alleged common-law marriage between plaintiff and defendant in this case and that the marriage between the defendant and Mary D. Walker continued up until the time of the trial of the case.

The plaintiff in her bill of complaint prayed for an adjudication of property rights. Defendant

claims that the trial court, having found the marriage nonexistent, should have dismissed the bill of complaint without retaining any further jurisdiction and should not have undertaken to settle the property rights of the parties.

In Michigan the chancery jurisdiction in a divorce case is a limited chancery jurisdiction. A bill for divorce cannot under the law of our State go beyond the scope of the statute and include matters that are of a general chancery nature and jurisdiction.

"Divorce suits are special statutory proceedings, limited to litigating domestic relations between husband and wife, to the exclusion of third parties, who can only be brought in as defendants where it is alleged that they have conspired with the husband to transfer property subject to plaintiff's claim for alimony with intent to defraud her." *Przeklas* v. *Przeklas,* 240 Mich. 209, 212.

"Judicial power to decree divorce * * * is purely statutory, and the ordinary principles of equity jurisdiction do not obtain." *Hintz* v. *Wayne Circuit Judge,* 245 Mich. 306, 309.

"Divorce, being a statutory proceeding, the jurisdiction of the court is not helped by any consideration of general equities." *Wieser* v. *Wayne Circuit Judge,* 247 Mich. 52, 56.

"Jurisdiction of divorce proceedings is special and statutory." *Jackson City Bank & Trust Co.* v. *Fredrick,* 271 Mich. 538, 543.

In the case at bar, the trial court, having found the alleged common-law marriage between the parties void because of the pre-existing and continuing marriage of the defendant, was in error in proceeding to determine the property rights of the parties. Such determination of the property rights of the parties is to be made in a different suit.

Plaintiff relies on the following sections of the Michigan statute:

"Whenever the nullity of a marriage, or a divorce from the bond of matrimony for any cause excepting that of adultery committed by the wife, shall be decreed, and when the husband shall be sentenced to imprisonment for life, and also upon every divorce from bed and board, the wife shall be entitled to the immediate possession of all her real estate, in like manner as if her husband were dead." (3 Comp. Laws 1929, § 12740 [Stat. Ann. § 25.98].)

"Upon every such dissolution of a marriage as is specified in the preceding section, and also upon every divorce from bed and board, the court may make a further decree for restoring to the wife the whole, or such part as it shall deem just and reasonable, of the personal estate that shall have come to the husband by reason of the marriage, or for awarding to her the value thereof, to be paid by her husband in money." (3 Comp. Laws 1929, § 12741 [Stat. Ann. § 25.99].)

Plaintiff is given no advantage in this case under 3 Comp. Laws 1929, § 12740, which would give her only the right to immediate possession of her real estate. Nor is she advantaged by the provisions of 3 Comp. Laws 1929, § 12741, because in this case there never was any marriage, so that the provisions in case of dissolution of marriage do not benefit plaintiff. She is left to pursue her remedies under the general chancery jurisdiction which as we have seen cannot be invoked in a divorce action. Plaintiff does not request of us permission to amend her bill of complaint so as to invoke general chancery jurisdiction instead of the limited jurisdiction conferred by the divorce statutes; nor does she claim that she made a request of the lower court for such permission.

Our refusal to make an award of property rights to plaintiff in this suit is without prejudice to her right to file and maintain a different suit.

A decree will be entered in this Court affirming so much of the decree appealed from as finds the marriage between the parties void *ab initio* for the reasons hereinbefore stated, and reversing the decree appealed from insofar as it undertakes to settle the property rights of the parties. Costs to defendant.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.