## KREMSER *v.* LISTH.

1. FORCIBLE ENTRY AND DETAINER—SUMMARY PROCEEDINGS—STATUTES.

    The scope and extent of summary proceedings for the possession of lands are governed by statute and are to conform to proceedings in cases of forcible entry and detainer (CL 1948, § 630.12).

2. SAME—SUMMARY PROCEEDINGS—POSSESSION—DEMAND.

    To recover possession of premises in summary proceedings the person entitled thereto must show that the rents have become due or the person in possession shall have neglected or refused for 7 days after written demand to deliver up possession or pay the rent due (CL 1948, § 630.12 *et seq.*).

3. SAME—SUMMARY PROCEEDINGS—DEFAULTS.

    The statute providing for recovery of possession of premises by summary proceedings does not cover defaults which may occur in the future but the rights and liabilities of the parties must be determined upon the facts as they existed at the time of commencement of the action (CL 1948, § 630.12 *et seq.*).

4. COURTS—JURISDICTION—APPEAL FROM CIRCUIT COURT COMMISSIONER.

    The jurisdiction of the circuit court in a review of the action of the circuit court commissioner is no greater than that of the commissioner.

5. JUDGMENT—APPEAL FROM CIRCUIT COURT COMMISSIONER—SUMMARY PROCEEDINGS—NOTICE TO QUIT.

    Entry of judgment of restitution by circuit court on appeal from circuit court commissioner was erroneous where trial court found rent was unpaid for months of May and June, 1948, but notice to quit was for nonpayment of rent for March, 1948 (CL 1948, § 630.12 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 32 Am Jur, Landlord and Tenant, § 1016 *et seq.*

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 12, 1951. (Docket No. 66, Calendar No. 44,429.) Decided June 4, 1951.

Summary proceedings by Rose Kremser against Paul Listh for possession of land. On trial in circuit court judgment for plaintiff. Defendant appeals. Reversed and remanded for entry of judgment for defendant.

*David A. Hersh,* for plaintiff.

*Daniel P. Cassidy,* for defendant.

Bushnell, J. The record in the instant case indicates that defendant Paul Listh is a tenant of plaintiff Rose Kremser, although here, as in the divorce case of *Listh* v. *Listh,* 329 Mich 579, 584, there is a dispute as to whether plaintiff is the owner of the property and entitled to rentals therefrom. However, we are now concerned only with an appeal by Paul Listh from an order for a writ of restitution entered by the late Circuit Judge Theodore J. Richter on January 24, 1949, and from the judgment entered July 6, 1948, on which the aforesaid order is based. Prior to the filing of the application for leave to appeal on February 11, 1949, plaintiff, on February 1, 1949, filed a motion to correct the judgment entered on July 6, 1948. This motion was denied without prejudice on February 24, 1949, by Circuit Judge Adolph F. Marschner, acting for and in the absence of Judge Richter. This denial is based upon the fact that an application for leave to appeal was at that time pending before this Court.

Following a notice to quit, dated March 7, 1948, for nonpayment of rent for the month of March, 1948, only, summary proceedings were commenced on March 30, 1948. The record does not contain the

judgment of the circuit court commissioner nor the date thereof; nor do the calendar entries indicate more than a notice of appeal filed on April 12th and the circuit court commissioner's return filed on April 22d. The parties were before the circuit court on May 13th, a jury was waived, and a judgment of not guilty ordered entered on behalf of defendant.

The trial judge said there was no showing that any rent was due. The calendar entry of May 13th reads: "The court finds for plaintiff for possession; judgment entered in verdict." The record, however, does not contain the verdict or judgment. On June 18th a new trial was granted, at the conclusion of which a judgment was entered on July 6, 1948, "for plaintiff and against the defendant in the sum of $120 for rental for the months of May and June, 1948 only and a judgment of no cause of action for the defendant and against the plaintiff for the rental of the months of March and April, 1948 only."

The scope and extent of summary proceedings for the possession of lands is governed by CL 1948, § 630.12 (Stat Ann § 27.1986). It is essential that rents shall have become due and that the tenant or person in possession shall have neglected or refused for 7 days after written demand to deliver up possession of the premises or pay the rent so due. CL 1948, § 630.16 (Stat Ann § 27.1990) requires the summary proceedings to conform to proceedings in cases of forcible entry or detainer.

Although the notice to quit is not in the record, the settled case recites that it was for nonpayment of rent for the month of March, 1948, only. The statute, *supra,* does not cover defaults which may occur in the future.

The rights and liabilities of the parties must be determined upon the facts as they existed at the time of commencement of the action. The trial judge

found that no rents were due for the month of March, the period covered by the notice.

Mr. Justice Cooley said in *McSloy* v. *Ryan,* 27 Mich 110, 112:

"Besides, the rent over due for which proceedings are taken is that due when the demand is made; and any subsequent case that is tried on a new demand is for a cause which originates with that demand, and which, therefore, is necessarily a different cause from any before passed upon."

In a review of the action of the circuit court commissioner the jurisdiction of the circuit court is no greater than that of the commissioner. *Mulder* v. *Corlett,* 54 Mich 80.

The judgment of the circuit court is reversed and the order for the writ of restitution is vacated. The cause is remanded for entry of a judgment of not guilty. Costs to appellant.

Reid, C. J., and Boyles, North, Dethmers, Butzel, Carr, and Sharpe, JJ., concurred.