### ZIELINSKI v. ZIELINSKI.

1. DIVORCE — ALIMONY — RECEIVERS — STATUTES — TEMPORARY ALIMONY.

   Statute authorizing appointment of receiver for property of husband in suit for divorce to obtain payment of alimony or allowance for the support and education of minor children did not contemplate the appointment of a receiver before decree of divorce, especially where plaintiff had obtained an order for temporary alimony shortly theretofore and was in possession of property of defendant affording her an income greatly in excess of temporary alimony awarded (CL 1948, § 552.27).

2. RECEIVERS—APPOINTMENT—DIVORCE—EVIDENCE—TEMPORARY ALIMONY.

   Plaintiff wife, suing for divorce, made no case for appointment of receiver under inherent power of chancery court to do so, where she showed husband had failed to make payments of $15 per week temporary alimony for support of child whose paternity he denied and it was shown she had possession of property of the husband affording her an income greatly in excess of temporary alimony awarded her.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 45 Am Jur, Receivers §§ 43, 150.
[1–3] Power of court to appoint receiver in suit for divorce or separation. 95 ALR 902.
[4] 3 Am Jur, Appeal and Error § 820.

3. SAME—APPOINTMENT—ABUSE OF DISCRETION—DIVORCE.

Appointment of receiver of property of defendant husband in suit for divorce was an abuse of discretion, if merely because trial court may have thought receiver could manage the property better than the husband or because husband appeared uncooperative about informing court as to the extent of his property or that purchasers entitled to a deed could not obtain it, in the absence of any showing defendant was likely to dissipate or dispose of his property in such a way as to prejudice rights of plaintiff or minor child whose paternity he denied or that the appointment was necessary to secure payment of the temporary alimony as ordered.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—RECEIVERS—APPOINTMENT—ESTOPPEL.

Receiver's claim that defendant husband was estopped from questioning validity of receiver's appointment because of failure to challenge it for over a year and because of agreement as to amount of fee, raised for first time on appeal in the Supreme Court, is not discussed.

Appeal from Genesee; Gadola (Paul V.), J. Submitted June 3, 1952. (Calendar No. 45,205.) Decided September 3, 1952.

Divorce proceedings between Edith Aker Zielinski against Bernard Joseph Zielinski. John G. David was appointed receiver. Order fixing compensation of receiver and authorizing him to mortgage property entered. Defendant appeals. Order vacated.

*D. Bruce Wistrand,* for defendant.

*Herbert Devine,* for receiver.

DETHMERS, J. Presented is the question of the validity of an order appointing a receiver in a divorce case.

On August 23, 1949, plaintiff filed her bill for divorce and obtained an injunction restraining defend-

ant from disposing of his property. On September 15, 1949, she obtained an order for temporary alimony in the amount of $15 per week for support of herself and a minor child. On September 21, 1949, defendant petitioned for modification of the injunction to permit him to mortgage any of his property to raise funds for redemption from tax sale of property occupied by the wife and moved that the alimony order be vacated on the grounds that defendant was not the father of the minor child and that plaintiff was receiving a substantial income from the property occupied by her and owned by defendant. Hearing on defendant's petition was had on September 26, 1949. Plaintiff testified that her income from said property was $165 per month and that her expenses totaled $175 monthly. The court found that her figures relating to expenses were erroneous and that the mentioned income afforded sufficient support. Defendant testified that said property, aside from quarters occupied by plaintiff, had produced $360 per month when he had been in charge of it; that it had been sold on tax sale; that he did not know how many pieces of property he had, but that they were listed in his cross bill; that the county had a lien on all his property by reason of his business as a professional bondsman; that he had made no payments on the temporary alimony order entered 2 weeks before. It also developed in open court that purchasers of property under a land contract from defendant had completed payments and that defendant was willing to give a deed but plaintiff refused to sign it. Although neither party to the case had requested it, the trial court, at that juncture, ordered appointment of a receiver to take over and control defendant's assets. The court stated as its reasons for such appointment; (1) the necessity for ascertaining the extent of defendant's property holdings; (2) the danger that at least one piece of property

would be lost for nonpayment of taxes; (3) that persons purchasing from defendant under land contract had been unable to obtain a deed when entitled thereto; (4) that defendant was not supporting the minor child, whose paternity defendant denied; (5) that a receiver would be able to collect rents, pay debts, obtain discharge of liens, and "take control of all of this property and clean it up."

On May 4, 1950, the receiver filed his final account, which listed all of defendant's real estate holdings and disclosed that the doings of the receiver consisted of the collection of $1,331.63 on a land contract, the expenditure of approximately $160 in connection with that transaction, the payment of about $400 to a loan company and retention of a cash balance of over $700. Despite sizeable assets, the account reveals no payments by the receiver for support of the plaintiff or minor child, nor for redemption or saving of any of defendant's property.

On August 18, 1950, the receiver filed a petition for determination of his fees. The court then took the receiver and the defendant into his chambers and made it clear to defendant that the receiver was going to be paid and that $2,000 was the amount asked. A fee of $1,500 was arrived at, defendant agreeing because it was better than $2,000, not because he felt he owed it.

"An order was entered allowing such a fee and further authorizing the receiver to mortgage property of defendant to pay said fee."

On December 15, 1950, defendant filed a motion requesting that the order appointing a receiver be vacated and set aside for the reasons, *inter alia;* (1) that the court had been without jurisdiction to appoint a receiver; and (2) the appointment amounted to an abuse of discretion. Plaintiff did not oppose

the motion, but the court appointed counsel to represent the receiver (also an attorney) in opposition to defendant's motion. An answer was filed, consisting merely of a denial of defendant's allegations. From an order denying his motion defendant, upon leave granted, took this appeal on June 26, 1951. Plaintiff has taken no part in the appeal. In the meanwhile, a decree was entered on January 2, 1952, denying a divorce to either party, but providing that the cause should not be dismissed until determination by this Court of the legality of the receivership.

CL 1948, § 552.27 (Stat Ann § 25.105), provides as follows:

"In all cases where alimony or allowance (for the support and education of minor children) shall be decreed to the wife, the amount thereof shall constitute a lien upon such of the real and personal estate of the husband as the court by its decree shall direct, and in default of payment of the amount so decreed the court may decree the sale of the property against which such lien is decreed in the same manner and upon like notice as in suits for the foreclosure of mortgage liens; or the court may award execution for the collection of the same, or the court may sequester the real and personal estate of the husband and may appoint a receiver thereof, and cause such personal estate and the rents and profits of such real estate to be applied to the payment thereof or the court in lieu of a money allowance may decree such a division between the husband and wife of the real and personal estate of the husband or of the husband and wife by joint ownership or right as he shall deem to be equitable and just."

When the receiver was appointed the situation contemplated by the statute was not before the court. There was no decree of divorce; the order for temporary alimony at the rate of $15 per week had been entered a scant 2 weeks before and plaintiff was in possession of property of defendant affording her

an income greatly in excess thereof. If, as claimed, courts of chancery are possessed of an inherent power, independent of the statute, to appoint receivers in divorce cases, no showing was made to warrant its exercise in this case. The mere fact that the court may have thought that a receiver could do a better job of handling defendant's property than the latter could himself, or that he appeared uncooperative on the witness stand when questioned about the extent of his holdings, or that purchasers entitled to a deed could not obtain it, constituted no grounds for appointment of a receiver in a divorce action. There was no showing that defendant was likely to dissipate or dispose of his property to the extent that plaintiff's rights or those of the child would be prejudiced or that sequestration was necessary to secure payment of temporary alimony as ordered. The suggested need for a receiver to save defendant's property from loss was not established on hearing and is refuted by the receiver's final account. The appointment amounted to an abuse of discretion.

On appeal the receiver urges for the first time that defendant is estopped from questioning the validity of the appointment because of his failure to challenge it for over a year and his agreement in chambers to a receiver's fee of $1,500. The facts in connection therewith are best left without comment. Suffice it to say that the receiver cannot be heard to claim an estoppel for the first time on appeal in this Court.

The order appealed from is reversed and the order appointing a receiver is vacated, set aside and held for nought. Costs in this Court are awarded to defendant against the receiver.

BUTZEL, CARR, BUSHNELL, SHARPE. BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.