BROWN *v.* BROWN.

1. DIVORCE—CONSPIRACY—EVIDENCE.

Finding of conspiracy on the part of defendant husband and other members of his family to pursue a cruel and vindictive harassment against the plaintiff mother and her children *held,* supported by record in suit for divorce.

REFERENCES FOR POINTS IN HEADNOTES

[1] Generally as to civil liability for conspiracy, see 11 Am Jur, Conspiracy § 45 *et seq.*
[2] Generally as to disobedience of orders as contempt, see 12 Am Jur, Contempt § 24 *et seq.*
[3] 17 Am Jur, Divorce and Separation §§ 273, 277.
[4, 5] 24 Am Jur, Fraudulent Conveyances §§ 169, 170.
[7] 19 Am Jur, Equity § 369; 45 Am Jur, References §§ 11, 12.
[8] 17 Am Jur, Divorce and Separation § 660.
[10] 17 Am Jur, Divorce and Separation § 445.
[14] 17 Am Jur, Divorce and Separation §§ 679, 683.
[15] 17 Am Jur, Divorce and Separation § 567.
[15] Amount of attorney's compensation (in absence of contract or statute fixing amount). 143 ALR 672, 799.
[15, 16] Financial condition of parties as affecting allowance of suit money in divorce suit. 35 ALR 1099.
[15, 16] 17 Am Jur, Divorce and Separation § 596.

2. Same—Contempt.

Sentences of contempt imposed upon defendant and his sister who had participated in conspiracy to violate orders of the court in suit for divorce *held*, justified under record presented.

3. Same—Conspiracy—Additional Defendants.

A trial judge has authority to add parties defendant in wife's suit for divorce, where there is alleged a conspiracy on the part of such defendants to defraud her of her marital rights; such action being an exception to the rule that jurisdiction in divorce matters is limited by statute.

4. Conspiracy—Fraud—Transfer of Property.

A transfer of property in culmination of a conspiracy to defraud the wife may be set aside in a suit for divorce.

5. Divorce—Conspiracy—Setting Aside Transfer of Interest in Partnership.

Decree setting aside husband's sale of his interest in a partnership for a small fraction of its value to his sister partners after plaintiff commenced her suit for divorce against him is sustained, where such action was taken with full knowledge that the wife's rights were being jeopardized.

6. Same—Dissolution of Partnership.

A partnership may not be dissolved in wife's suit for divorce against one of the partners, merely because husband's interest in the firm was transferred to other partners after suit for divorce had been commenced.

7. Equity—Collateral Issues—Reference to Circuit Court Commissioners.

Collateral issues in equitable matters may be referred to a circuit court commissioner for the purpose of taking testimony in order to determine factual questions.

8. Divorce—Receivers—Defaulted Alimony.

A receiver may be appointed for the purpose of holding property in order that the profits therefrom may be applied to the payment of defaulted alimony (CL 1948, § 552.27).

9. Same—Disputed Questions as to Title of Property—Partnership.

Disputed questions as to title of property as between parties to suit for divorce and others are not determinable in such a suit, hence, wife may not be awarded all of the property of partnership of which her husband was one of several partners.

10. SAME—DIVISION OF PROPERTY.
     A court may determine the division of the property of the
     parties to suit for divorce that is presently held by them
     or fraudulently concealed.

11. SAME—RECEIVERS—FRAUDULENT CONVEYANCE.
     A receiver's control of the property of the husband, defendant
     in suit for divorce, is limited to that which he had fraud-
     ulently conveyed to others during the pendency of the
     suit.

12. CONTEMPT—VIOLATION OF INJUNCTION—ADVICE OF COUNSEL.
     It is not a defense to citation for contempt that one who vio-
     lated an injunction did so upon the advice of counsel.

13. DIVORCE—REMOVAL OF CHILDREN FROM JURISDICTION—CONCEAL-
    MENT—CONTEMPT.
     Husband's surreptitious removal of 8 and 4½-year-old children
     from the jurisdiction of the court and concealment of their
     whereabouts from the mother who was suing him for divorce
     warranted severe criticism and finding him guilty of con-
     temptuous misconduct.

14. SAME—CUSTODY OF CHILDREN—DENIAL OF VISITATION.
     Trial court's denial of right to father to visit his children, 8
     and 4½ years of age, whose custody was awarded mother,
     based in part upon the testimony of a recognized psychia-
     trist, is not disturbed, since the welfare of the children is
     the paramount consideration in providing for their custody.

15. SAME—ATTORNEY FEE.
     Award of $1,000 as attorney fee for wife's attorney in suit for
     divorce *held*, reasonable and justified in the light of the
     showing of services rendered.

16. SAME—ALIMONY.
     Award of $750 temporary alimony, then in arrears, and per-
     manent alimony of $45 a week of which $15 was for the
     wife and $15 for each of 2 children until they reached the
     age of 17 or until further order of the court *held*, not ex-
     cessive, perhaps insufficient and subject to trial judge's fur-
     ther order as circumstances may justify.

17. SAME—MEDICAL EXPENSES—HOSPITALIZATION INSURANCE.
     Provision of decree of divorce that defendant husband was to
     pay all medical, surgical and dental expenses and to procure
     and keep in force hospitalization insurance for the benefit
     of plaintiff wife and their minor children *held*, proper.

Appeal from Wayne; Culehan (Miles N.), J. Submitted October 15, 1952. (Docket No. 82, Calendar No. 45,618.) Decided January 5, 1953.

Bill by Adele Brown against William H. Brown for divorce. By amendment others were joined as alleged conspirators in concealing property. Decree for plaintiff. Defendants appeal. Plaintiff cross-appeals. Modified and affirmed.

*Dann & Rosenbaum,* for plaintiff.

*Joseph Sanders,* for defendants.

BUSHNELL, J. This suit for divorce was brought on October 31, 1949, by plaintiff Adele Brown against defendant William H. Brown. In an amended bill of complaint filed on November 6, 1950, plaintiff sought and obtained an order, adding as parties-defendants Louis Brown, Fannie Brown, Tamara Brown, Eleanor Brown, Bertha Allen, Edward Allen, and Joseph S. Brown. The added defendants are charged with conspiring with the principal defendant to defraud the plaintiff by taking over the control of the various properties in which Brown had an interest.

Bertha Allen, sometimes called Birdie, is the sister of defendant William H. Brown. Edward Allen is her husband. Tamara Brown and Eleanor Brown are also sisters of the defendant. The remaining defendants, who do not join in the appeal, are members of the Brown family.

Adele and William, who were married in Detroit on December 1, 1940, lived and cohabited together until about October 6, 1949. The parties have 2 children, Walter and Joyce, who in 1949 were respectively 8 and 4 1/2 years of age.

A decree of divorce was granted to plaintiff on June 4, 1951, on the ground of extreme and repeated cruelty. In the decree, which became final 6 months thereafter, the principal defendant and his sisters, Tamara, Eleanor, Bertha and Bertha's husband, Edward Allen, were adjudged guilty of contemptuous misconduct and of conspiring to violate the orders of the court, thereby injuring and defrauding the plaintiff. The custody of the children was awarded to the plaintiff. Temporary alimony, in arrears, in the sum of $1,280 was reduced to $750, and ordered paid forthwith. Upon Brown's failure so to make this payment he was ordered to serve 1 year in the Detroit House of Correction. He was further ordered to pay $45 a week, in advance, as permanent alimony, of which $15 was for the wife and $15 each for the minor children, until they reached the age of 17, or until further order of the court. Brown was required to pay all medical, surgical and dental expenses, and to procure and keep in force hospitalization insurance for the benefit of the plaintiff and the minor children. Visitation privileges were denied the defendant, and an attorney's fee of $1,000 was ordered paid to plaintiff's counsel. A bill of sale and a transfer of Brown's interest in a partnership, doing business as the "Brownie Stores," then operating in the names of his sisters, Tamara Brown, Eleanor Brown, and Bertha Allen, were set aside as illegal and fraudulent, and all of Brown's interest in the property so transferred was awarded to plaintiff as additional permanent alimony. The decree contains an order of reference to a circuit court commissioner for the taking of testimony and the examination of the defendants as to transactions in violation of the rights of the plaintiff and for the determination of the value of the 1/3 interest which Brown had in the copartnership. It was further ordered that the report of the commissioner, when filed, should become

a part of the divorce decree. The Brownie Stores' partnership was ordered dissolved and a receiver was appointed to take charge and operate the properties. The contents of the home of the parties were awarded to the plaintiff. Defendants were ordered to pay to the plaintiff such special damages as might be determined by the circuit court commissioner, and a permanent restraining order was issued against defendants.

Brown has appealed from an order denying his motion to vacate or modify the decree. Adele has cross-appealed from the decree and from a subsequent order temporarily reducing alimony payments and permitting Brown to have certain visitation privileges. The sisters and the brother-in-law have filed a general appeal. Brown and his sister, Tamara, say in their brief that they have also appealed from sentences of 30 days each in the House of Correction for contempt, but we do not find their claims of appeal in the record.

The Allens, who live in Dallas, Texas, had an interest at one time in the Brownie Stores. It is their claim that in 1943 they sold their interest to Eleanor and Tamara Brown. Defendant Joseph S. Brown may also have had an interest in the business. A certificate of partnership, dated June 1, 1946, shows that the owners of the Brownie Stores at that time were defendants William H. Brown, Tamara Brown and Eleanor Brown. A later certificate of partnership, dated July 28, 1950, shows the owners to be Tamara and Eleanor Brown. A bill of sale signed by William H. Brown, dated March 20, 1950, was produced showing the sale of his interest in 2 of the Brownie Stores for $1. Brown testified that he originally put in 1/3 of the money, which he stated was $1,333.

During the pendency of the suit, Brown surreptitiously removed his children from the jurisdiction of

the court and took them to South Africa. Their whereabouts was ascertained only after much effort on the part of plaintiff through the State Department and lawyers in Johannesburg, Texas and Illinois, culminating in a court action in Chicago.

It is unnecessary to recite further details. We are convinced, as was the trial judge, that Brown was aided and abetted in his illegal acts by other members of his family, particularly his sister, Tamara, and that the conspiracy between them was a concerted action to pursue a cruel and vindictive harassment against the mother and her children. The contemptuous action of Brown and his sister, Tamara, justified the castigation administered by the court and the sentences imposed.

Under the allegations of conspiracy to defraud the wife of her marital rights, the trial judge had authority to add third parties-defendants. See *Peck* v. *Peck,* 66 Mich 586, 592; *Przeklas* v. *Przeklas,* 240 Mich 209; and *Walker* v. *Walker,* 323 Mich 137. Such action is an exception to the rule in this State that the jurisdiction in divorce matters is limited by statute. See *Ritzer* v. *Ritzer,* 243 Mich 406; *Hintz* v. *Wayne Circuit Judge,* 245 Mich 306; and *Wieser* v. *Wayne Circuit Judge,* 247 Mich 52.

Upon proof of a conspiracy to defraud the wife of her marital rights, a transfer of property in culmination of that fraud may be set aside. *Holland* v. *Holland,* 121 Mich 109. See, also, CL 1948, § 566.11 (Stat Ann § 26.881), and *Goddard* v. *Goddard,* 286 Mich 553. The record clearly shows that, after the present suit was instituted, Brown sold his interest in the partnership for $2,800 to his sisters and that the then worth of the 2 stores was about $50,000. Notwithstanding the protestations of the sisters, that they did not know a divorce suit was pending at the time the transfer was made, it is clear that they participated in a conspiracy to defraud the plaintiff,

with full knowledge that her rights were being jeopardized.

That portion of the decree setting aside the sale of Brown's interest shall stand, but that portion which ordered the dissolution of the partnership must be vacated. *Walker* v. *Walker, supra.* That action must abide further and separate proceedings.

Collateral issues in equitable matters may be referred to a circuit court commissioner for the purpose of taking testimony in order to determine factual questions. See CL 1948, §§ 602.108, 617.1 (Stat Ann §§ 27.232, 27.849). See, also, *Garbarino* v. *Lee C. Miller Co.,* 330 Mich 688.

A receiver may be appointed for the purpose of holding property in order that the profits therefrom may be applied to the payment of defaulted alimony. CL 1948, § 552.27 (Stat Ann § 25.105). See, also, *Seibly* v. *Ingham Circuit Judge,* 105 Mich 584; and *Westgate* v. *Westgate,* 305 Mich 423. In *Zielinski* v. *Zielinski,* 334 Mich 276, an order appointing a receiver was vacated because the situation contemplated by the statute was not before the court, there being at the time no decree of divorce.

Plaintiff, as cross-appellant, asks that the decree be modified to award her all of the property belonging to the partnership. In divorce actions we do not decide disputed questions of title. We merely determine the division of the property of the parties, presently held or fraudulently concealed. The decree should be modified to limit the control of the receiver solely to the husband's property and to that which he fraudulently conveyed to others during the pendency of the suit.

Tamara Brown and William H. Brown, in their attempt to escape responsibility for their contemptuous misconduct, seek to place the responsibility for their actions upon the shoulders of their counsel. It is not a defense that one who violated an injunction

did so upon the advice of counsel. See *Chapel* v. *Hull*, 60 Mich 167.

Brown's actions in taking and concealing from the plaintiff the whereabouts of their children in distant lands warrant the most severe criticism. The trial judge properly found him guilty of contemptuous misconduct.

Brown devotes considerable argument to the severity of the decree. The determination of the trial judge with respect to the custody of the children and their visitation was based in part, at least, upon the testimony of a recognized psychiatrist. Where the interest of a child demands it, a parent may be denied the right of visitation. *Kane* v. *Kane*, 241 Mich 96. The court followed the usual rule that custody of the minor children should, prima facie, be awarded to the mother. *Gorton* v. *Gorton*, 316 Mich 375; *Eichholtz* v. *Eichholtz*, 319 Mich 42; and *Ely* v. *Ely*, 323 Mich 269. The welfare of the child is the paramount consideration. *Doolittle* v. *Doolittle*, 311 Mich 181, 184.

The attorney fee awarded plaintiff's counsel, in the light of the showing of services rendered, was reasonable and justified. The amount of alimony awarded the wife for her support and that of the children is not excessive, and may even be insufficient. However, the trial judge exercised his discretion in determining this matter, and can make such further order as changes in the circumstances may justify. The liability imposed upon the husband, in the light of the circumstances of this case, for medical expenses and insurance is in keeping with the established rule. See *Cooley* v. *Cooley*, 320 Mich 209, and *Rogers* v. *Rogers*, 335 Mich 207, decided December 9, 1952.

An unusually large number of questions is presented in this appeal, but we do not deem it necessary to further answer the contentions of the parties.

The decree, as modified herein, is affirmed, with

costs to plaintiff.   The cause is remanded for further proceedings, as indicated in the decree and in this opinion.   The modified decree may be entered in the trial court.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.