PHELPS *v.* PHELPS.

1. MARRIAGE—COMMON LAW—LIVING SPOUSE.

A valid common-law marriage could not be established, where one of the parties had a spouse who was still living (CL 1948, § 552.1).

2. FRAUD—CONCEALMENT OF MATERIAL FACTS.

A concealment of material facts may constitute actionable fraud.

3. MARRIAGE—ANNULMENT—FRAUD—EVIDENCE.

*De novo* review of testimony in record on appeal from decree declaring a so-called common-law marriage void *held,* without proof that defendant husband had committed actionable fraud as to plaintiff.

4. SAME—ANNULMENT—COMMON LAW—DIVISION OF PROPERTY.

Trial court was in error in proceeding to make a determination of property rights between parties to suit for annulment of an alleged common-law marriage after finding the marriage was void *ab initio,* since such determination must be made in a different suit.

5. SAME—COSTS—MODIFICATION OF DECREE.

No costs are allowed on plaintiff woman's appeal from decree declaring alleged common-law marriage void *ab initio* upon modification of decree so as to vacate provision as to disposition of property rights.

---

REFERENCES FOR POINTS IN HEADNOTES

[2] 23 Am Jur, Fraud and Deceit § 76.
[4] 35 Am Jur, Marriage §§ 53, 54.
[4] Division of property upon annulment of marriage.   11 ALR 1394.
    Rights and remedies in respect of property accumulated by man and woman living together in illicit relations.   75 ALR 732.
[5] 35 Am Jur, Marriage § 72.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted January 7, 1953. (Docket No. 35, Calendar No. 45,620.) Decided March 10, 1953.

Bill by Charity Phelps against Henry C. Phelps for divorce which was later amended to seek annulment of purported marriage. Cross bill by defendant against plaintiff for annulment and disposition of property. Decree for plaintiff decreeing annulment and settling property. Plaintiff appeals. Reversed as to disposition of property rights.

*Dann & Rosenbaum,* for plaintiff.

*Harry H. Anbender* (*Raymond X. Zweig,* of counsel), for defendant.

BUSHNELL, J. Plaintiff Charity Phelps, who claimed that she entered into a common-law marriage with defendant Henry C. Phelps on May 15, 1947, sought a dissolution of that marriage and a divorce from the bonds of matrimony. She also sought an award of all the personal and real property acquired by the parties subsequent to the so-called marriage. Phelps denied the marriage and alleged that he was, on May 15, 1947, and still is, married to Iwiller Phelps, then of Tennessee, and presently a resident of Chicago, Illinois. He denied that plaintiff had any real property as described in the bill of complaint, and alleged that it was purchased by him and that the name of Charity Phelps was inserted in the "contract without any consideration paid by her." An amended bill of complaint for an annulment and for an award of the property was then filed by plaintiff.

Following the filing of answers and replies, the trial judge, confronted with a charge of misconduct on the part of Phelps, referred the matter to the

friend of the court, where testimony was taken. The referee of the office of the friend of the court recommended that the pending order to show cause be dismissed, and reported that it was apparent that neither party had come into court with clean hands; that they had continued to live together, knowing they were not legally married, and that the only issue involved was the partition of the property. After another court order a second report was filed by the same referee in which the finding of lack of clean hands was repeated, with this additional comment:

"It would appear that the veracity of the testimony of both parties is not beyond reproach.  *  *  * And by their joint efforts accumulated property. No accounts or books have been kept, and in view of the intermingling of funds and the conflicting testimony of the parties, it is impossible to make an accurate accounting as to the interests of the parties."

Defendant then filed a cross bill of complaint for annulment of the claimed marriage and a partition of the property. Plaintiff answered and then filed a second amended bill of complaint. These last mentioned pleadings were filed on the day of hearing in the circuit court. On the same day a decree of annulment and partition was entered. There also appears in the record an opinion filed by the trial judge on January 3, 1949, in the case of Collins *v.* Collins, Chancery No 398492, which was deemed by the trial judge to be controlling in the instant case.

Although the decree entered stated that the "purported marriage" was declared "void and a complete nullity," the plaintiff has appealed after denial of her motion for a rehearing. She claims that the court erred in ordering the sale of the real property and directing that, after the payment of existing

indebtedness thereon, the proceeds be divided equally between the parties.

Plaintiff argues that the trial judge erred in refusing to hold that she had established fraud on the part of defendant and in denying her an accounting. She also insists that the court should have determined that the real and personal property was her sole and separate property; that she was entitled to damages for pain, suffering, humiliation and mental anguish which the defendant, by his fraud, had inflicted upon her. She also asserts that it was error for the court to terminate the hearing before the completion of proofs.

The only witness who testified was the plaintiff herself. She was admonished by the court during her testimony regarding her evasive answers. The trial judge properly concluded that there was no justification for further investigation into the matter because the testimony was clear that not even a common-law relationship had been established, and that there was no evidence whatsoever of any fraud on the part of defendant at the time the property was purchased.

We dismiss from further consideration any question of divorce or annulment. A concealment of material facts may constitute actionable fraud. *Walker* v. *Walker,* 330 Mich 332, 335. However, in review *de novo* of the testimony we do not find any proof of actionable fraud. That case and the one which preceded it between the same parties, reported in 323 Mich 137, established the proposition that

"The trial court, having found the alleged common-law marriage between the parties void because of the pre-existing and continuing marriage of the defendant, was in error in proceeding to determine the property rights of the parties. Such determination of the property rights of the parties is to be made in a different suit."

Plaintiff must be left to pursue her remedies, if any, under general chancery jurisdiction. See, in addition to the statutes cited in the *Walker Case*, CL 1948, § 552.1 *et seq.*. (Stat Ann § 25.81 *et seq.*).

The decree is affirmed as to the nullity of the claimed common-law marriage and vacated as to the disposition of property rights. No costs will be awarded. A decree may be entered here in conformity with this opinion.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.