## WEHMEIER v. YOUNG.

1. JUDGMENT—SUMMARY PROCEEDINGS TO RECOVER POSSESSION OF LAND.

Summary proceedings for dispossessing an occupant of real property are wholly statutory and the judgment rendered is by an officer of special, local, and limited jurisdiction.

2. COURT COMMISSIONERS—SUMMARY PROCEEDING—EQUITY.

A summary proceeding to recover the possession of land commenced before a circuit court commissioner is of a legal, rather than equitable, nature (CLS 1961, § 600.5634).

3. SAME—DEFENSES—EQUITY.

Equitable defenses are not permissible in summary proceedings to recover the possession of land brought before a circuit court commissioner (CLS 1961, § 600.5634).

4. SAME — SUMMARY PROCEEDINGS — JURISDICTION — TITLE — HOMESTEAD.

Jurisdiction in summary proceedings to recover possession of land brought before a circuit court commissioner does not extend to determine the title to real estate, including determination of a homestead right (CLS 1961, § 600.5634).

5. SAME—SUMMARY PROCEEDING—JURISDICTION—APPEAL FROM CIRCUIT COURT COMMISSIONER.

The circuit court on appeal in summary proceedings to recover possession of land tries the matter *de novo* in the circuit court and it has no greater authority or jurisdiction than the circuit court commissioner (CLS 1961, § 600.5634).

REFERENCES FOR POINTS IN HEADNOTES
[1-7] 32 Am Jur, Landlord and Tenant § 1016 *et seq.*; 55 Am Jur, Vendor and purchaser § 438.

6. SAME—STATUTORY AUTHORITY—ENLARGEMENT BY STIPULATION.
    Statutory authority of a circuit court, on appeal from a circuit
    court commissioner in summary proceedings to recover posses-
    sion of real property, may not be enlarged by stipulation of
    counsel to permit determination of questions of title (CLS
    1961, § 600.5634).

7. SAME—COMMON-LAW MARRIAGE.
    Property rights and questions of validity of common-law mar-
    riages must be decided in separate actions and may not be
    determined in summary proceedings to recover possession of
    real property (CLS 1961, § 600.5634).

Appeal from Wayne; Neuenfelt (Lila M.), J.
Submitted Division 1 June 5, 1967, at Detroit.
(Docket No. 2,261.)   Decided December 6, 1967.

Complaint by Victor H. Wehmeier, guardian of
Robert Lee Young, a mentally incompetent person,
against Nellie E. Young to recover possession of
land in summary proceeding.   Complaint dismissed.
Plaintiff appeals.   Affirmed.

*Victor H. Wehmeier,* for plaintiff.

*Carl Z. Millen,* for defendant.

McGREGOR, J.   This is an appeal from a dismissal
in circuit court of a summary proceeding under the
statute,[1] brought by the guardian of a mentally in-
competent to recover possession of land.   A former
guardian of the incompetent put the defendant, the
alleged common-law wife, into possession.   The
property in question, a 2-family house, was pur-
chased by the former guardian for her ward's estate
with proceeds of a workman's compensation re-
demption, the injury for which resulted in the ap-
pellant ward's incompetency.   On July 23, 1958, the

---

[1] CLS 1961, § 600.5634 (Stat Ann 1962 Rev § 27A.5634).

ward was committed to Ypsilanti State Hospital where he has been continuously since.

By virtue of a probate court order of September 3, 1957, the alleged common-law wife, defendant-appellee herein, was placed in possession of the disputed home as the wife of the ward, and the record shows she continued to live there.

Subsequently, the alleged common-law wife initiated proceedings in the circuit court and obtained a judgment affirming the alleged common-law marriage. This uncontested favorable determination of the trial court was appealed to the Supreme Court. The Supreme Court vacated the judgment affirming the alleged marriage for the reason that the trial court lacked authority under the statute, but did not determine the validity of the common-law marriage. *Young* v. *Wehmeier* (1963), 369 Mich 110.[2]

In the beginning, this was a matter before a circuit court commissioner by the plaintiff-guardian to recover possession of real estate in a statutory summary proceeding. One of the defenses thereof was the claim of the defendant-appellee that she was the common-law wife of the plaintiff ward, and, as such, had homestead and dower rights in the premises, and that these rights raised questions of title which the circuit court commissioner could not try. On December 3, 1964, the circuit court commissioner ruled in her favor and dismissed the proceedings. Such dismissal was appealed by the plaintiff guardian to the circuit court where, after two days of testimony and presentation of numerous exhibits, mainly on the question of the validity of the disputed common-law marriage, the circuit court dismissed the proceedings under a determination that such court had no authority in an appeal

---

[2] *In re Young Estate* (1965), 376 Mich 106, is another case between these same parties on another matter.

from a judgment of a circuit court commissioner to go into the question of the validity of the common-law marriage and its resulting homestead rights. The record discloses no pleadings before the circuit court relating to the matter of a determination of the validity of a common-law marriage. The litigants attempted to stipulate on the record jurisdiction in the circuit court to determine the validity of the disputed common-law marriage.

The questions raised by the appellant may be restated: When there is a question of the validity of a common-law marriage before a circuit court commissioner in proceedings for possession of real estate and the related question of homestead and dower rights, may a circuit court on appeal of the possessory action determine the statutory question of the right of possession? As a corollary problem, is such a determination necessary where the property was obtained for the husband-ward by his guardian, and the title was vested in the estate of the incompetent? And lastly, may parties to a statutory possessory matter, on appeal from the judgment of the circuit court commissioner, *stipulate jurisdiction in the circuit court* to try the question of the disputed common-law marriage?

Answering the last-stated question eliminates the necessity for answering the previous questions. The circuit court, in sustaining the judgment of the circuit court commissioner, ruled that a question of title was involved and dismissed the statutory possessory proceedings.

Summary proceedings for dispossessing an occupant of premises are wholly statutory and the judgment rendered is by an officer of special, local, and limited jurisdiction. A summary proceeding is of a legal rather than equitable nature. Equitable defenses are not permissible. The proceeding is limited in its nature. Further, jurisdiction in

summary proceedings does not extend to determine the title to real estate. Within this rule, a homestead right involves a question of title. 11A Michigan Pleading and Practice (2d ed), § 88.03 at p 236.

Although summary proceedings under the statute to recover possession of land are tried *de novo,* the circuit court on appeal has no greater authority or jurisdiction than the circuit court commissioner. *Kremser* v. *Listh* (1951), 330 Mich 549. Certainly, such statutory authority may not be enlarged by stipulation of counsel. Property rights and questions of validity of common-law marriages must be decided by separate suits. *Phelps* v. *Phelps* (1953), 335 Mich 687.

The trial court was correct in dismissing the appeal from the judgment of the circuit court commissioner.

Affirmed.

GILLIS, P. J., and THORBURN, J., concurred.