## GOLDBERG *v.* CHEEKS

1. COURT COMMISSIONERS—CIRCUIT COURTS—JURISDICTION.

   The jurisdiction of a circuit court in a review of the action of a circuit court commissioner is no greater than that of the commissioner; hence, a circuit court is without authority to render a judgment on a different theory than that presented to a commissioner or to enlarge the scope of a case (GCR 1963, 701, 702).

2. COURT COMMISSIONERS—CIRCUIT COURTS—JURISDICTION—APPEAL AND ERROR.

   Circuit court did not have the power to enlarge an appeal from a commissioner based on summary proceedings to terminate tenancy for nonpayment of rent into an action to remove a cloud on a title, for reimbursement of taxes paid by plaintiff vendor and for foreclosure of a land contract (GCR 1963, 701, 702).

3. COURT COMMISSIONERS—CIRCUIT COURTS—LANDLORD AND TENANT —SUMMARY PROCEEDING.

   Summary proceedings to dispossess an occupant of premises are wholly statutory and a circuit court commissioner's jurisdiction in such a matter is special, local and limited, and does not extend to determination of the title to real estate; consequently, on appeal from a commissioner's decision, a circuit court has no power to determine title.

Appeal from Muskegon, Albert J. Engel, J. Submitted Division 3 January 6, 1970, at Grand Rapids. (Docket No. 5,584.) Decided March 23, 1970.

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 20 Am Jur 2d, Courts § 91.

Summary proceeding by Michael Goldberg against Isaiah Cheeks and Beatrice Cheeks to terminate tenancy for nonpayment of rent. Circuit court commissioner's judgment for defendants. Plaintiff appeals to circuit court. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

*George D. Stribley,* for plaintiff.

*Alphonse Lewis, Jr.,* for defendants.

Before: V. J. Brennan, P. J., and R. B. Burns and T. M. Burns, JJ.

R. B. Burns, J. This is an appeal from a circuit court's action reviewing an appeal from the circuit court commissioner.

In 1949 plaintiff (seller) and the defendants (buyers) entered into a land contract for the sale and purchase of a two-story building. The defendants agreed to pay $10,000; $1,000 down and $100 per month. By supplemental agreement the plaintiff eliminated interest on the unpaid balance in return for the free use of the building's first floor.

The defendants paid the $1,000 down payment and a total of 24 payments at $100 per month through March of 1951. For the next 10 years defendants made payments of $50.00 per month. The plaintiff paid taxes and assessments on the property from 1952 through 1964. The plaintiff instituted summary proceedings before the circuit court commissioner on the theory that the land contract was abandoned in 1951 and that the defendants had been tenants and had not paid rent since 1962.

The circuit court commissioner ruled that the plaintiff failed to prove termination of the contract and a creation of the relationship of landlord and

tenant. The plaintiff appealed the judgment to the circuit court.

Plaintiff's complaint on appeal to the circuit court was stated in three counts. Count 1 was in effect an application to remove a cloud on plaintiff's title. Count 2 asked a judgment against the defendants for rent. Count 3 claimed the judgment of the circuit court commissioner was contrary to law and fact.

The circuit court held that a valid land contract existed which had been paid in full, but that the plaintiff was entitled to reimbursement for taxes paid, plus interest on the taxes. The opinion further provided that the circuit court was to retain jurisdiction and, in the event the defendants did not pay the taxes, the plaintiff could apply to the court for forfeiture of the land contract. It also provided that the defendants could apply for specific performance if plaintiff did not tender them a deed.

Defendants failed to submit a judgment to the circuit court or to pay the taxes. Plaintiff filed a motion in the circuit court, tendered a warranty deed, asked that the court grant him a lien on the property for the taxes and asked the court to direct the manner of enforcement of the lien. The court entered a judgment in the case wherein the findings stated in the opinion were reiterated, and ordered the property sold under the direction of the circuit court commissioner. The property was sold at public auction and was purchased by the plaintiff.

Between the date of the judgment and the date of the sale defendants appealed the ruling of the circuit court to this Court. Defendants claim the circuit court did not have the power to enlarge an appeal from the circuit court commissioner based on summary proceedings to terminate tenancy for non-payment of rent into an action to remove a cloud

on the title, for reimbursement of taxes paid by the vendor and for foreclosure of a land contract. We agree.

Appeals from circuit court commissioners to the circuit courts are governed by GCR 1963, 701 and 702. GCR 1963, 701.5(2) states:

"The claim of appeal shall designate the order, determination, decision, sentence, action, judgment, or decree appealed from, together with a plain concise statement of the reasons and grounds for appeal, to which the appeal shall be limited."

GCR 1963, 701.10 states:

"Determination of the Appeal. Unless otherwise provided by law, review in the circuit court is to be a retrial of issues upon evidence to be introduced in the reviewing court. The circuit court may render any judgment or make any order which should have been rendered or made in the lower court, and may grant such other relief as may be required for the just disposition of the appeal."

In *Kremser* v. *Listh* (1951), 330 Mich 549, summary proceedings were instituted before the circuit court commissioner for one month's rent. On appeal, the circuit court found rent was not due for the period alleged before the circuit court commissioner, but that two month's rent had accrued during the appeal period, and granted plaintiff a judgment. The Supreme Court held that the circuit court had exceeded its authority, and stated, p 552:

"In a review of the action of the circuit court commissioner the jurisdiction of the circuit court is no greater than that of the commissioner."

In *Wehmeier* v. *Young* (1967), 9 Mich App 65, 68, 69, the Court stated:

"Summary proceedings for dispossessing an occupant of premises are wholly statutory and the judg-

ment rendered is by an officer of special, local and limited jurisdiction. A summary proceeding is of a legal rather than equitable nature. Equitable defenses are not permissible. The proceeding is limited in its nature. Further, jurisdiction in summary proceedings does not extend to determine the title to real estate. Within this rule, a homestead right involves a question of title. 11A Michigan Pleading and Practice (2d ed), § 88.03 at p 236.

"Although summary proceedings under the statute to recover possession of land are tried *de novo,* the circuit court on appeal has no greater authority or jurisdiction than the circuit court commissioner."

Plaintiff on appeal was limited to the grounds set forth in his complaint on appeal and the circuit judge did not have the authorty to render a judgment on a different theory or to enlarge the scope of the case.

The judgment of the circuit court is reversed, the sale is set aside and the case is remanded for entry of a judgment in accordance with the ruling of the circuit court commissioner. Costs to defendants.

All concurred.