WERN *v.* WERN.

DIVORCE—ALIMONY—MODIFYING DECREE.
Upon a motion to modify·a decree of divorce awarding alimony to the wife, a showing that she had been at the time of granting the decree and remained ill for four years and unable to work, that $20 a month allowed to her by the decree was insufficient to provide for her, that her ill health was caused by her husband's cruelty, and that he had property worth about $12,000 and was capable of earning $6 a day, stated new facts and conditions authorizing an increase in her allowance.

Appeal from Houghton; Streeter, J. Submitted January 15, 1912. (Docket No. 60.) Decided July 11, 1912.

Petition by Maggie Wern against Frank Wern to modify an allowance of alimony awarded in proceedings for divorce. From an order denying the petition, complainant appeals. Reversed.

*O'Brien & Le Gendre,* for appellant.

*Burritt & Burritt,* for appellee.

McALVAY, J. This is an appeal from an order and decree of the circuit court for Houghton county denying and dismissing complainant's petition for a review and modification of the decree for divorce granted her in the case, on the ground of extreme cruelty, relative to the alimony provided. Complainant by her petition claims that she has, since the divorce was granted her, become unable to do work to assist in her support; that she is weak and sick, requiring medical attendance and nourishing food; that she is without means of support except the alimony allowed her by the decree; and that $20 per month, as fixed by said decree, is not sufficient to properly support her and furnish medical attendance and proper care. The

record shows that the decree for divorce, granted June 26, 1907, was amply justified by the evidence of the personal violence and continued abuse and cruelty of defendant towards complainant during the years they lived together as husband and wife.   It shows that when she separated from him she was a broken and sick woman, and that she had no property or means of support of her own.   The defendant is a man of considerable means.   His productive real estate is of the value of $10,000 or $12,000.   He at the time of the decree of divorce was 44 years old, and a mason by trade, able to earn wages at the rate of $6 per day.   There is no evidence that since the decree the real estate has decreased in value.   He makes claim that he is afflicted with rheumatism, but there is credible testimony that he is well able to work.   The weak condition of complainant has continued since the decree, and during that time, about four years, it appears that she has been able to earn by her personal labor only about $90.   That she is weak and sick, suffering from neurasthenia, is not disputed, nor that she requires medical attendance and nourishing food.   We do not find that either defendant or his counsel or the court claim that $20 per month is sufficient to meet her necessities.

Counsel urge that her petition and the proofs do not show new facts or change of circumstances or conditions since the decree.   We do not agree with this contention. There is abundant proof of the continued weakness and sickness of complainant.   This for the term of four years since the decree is of itself a changed condition and a new fact.   She cannot work, she needs enough food to nourish her, and medicine and medical attendance provided, and the proof shows that the pittance of $20 a month is not sufficient.   These facts, taken together, constitute such a change of circumstances and conditions as will warrant action by the court.

Under the evidence, we do not think that the court should consider itself bound to limit her allowance to a certain proportion of the income of the defendant.   The

defendant has ample property to provide for her and himself, and her present condition must be relieved by him or she will become a county charge.

The evidence in the case upon which the decree was granted against him clearly shows that his cruel treatment brought her to the condition she was then in, and upon this hearing it is evident that such treatment is the cause of her present condition, which, in our opinion, requires the modification of the decree in this case, and the allowance of a further sum each month necessary for her support and maintenance. The order and decree of the circuit court dismissing the petition is reversed and set aside, and a decree will be entered modifying the original decree as to alimony, and granting to complainant petitioner the additional sum of $20 per month from and after the 15th day of July, 1911, to June 15, 1912, and thereafter the sum of $40 per month, payable monthly at the dates, place, and in the manner fixed by the original decree; such several amounts of alimony to constitute a lien on the property of defendant as described in such decree. The amount of the increased alimony hereby ordered to be paid for the time intervening between July 15, 1911, and June 15, 1912, to be divided into monthly payments of $20 each to be added to each of the payments of $40 each month herein provided to be made beginning June 15, 1912, making that payment and each monthly payment thereafter provided for the sum of $60, until the full amount is paid; the payments thereafter to continue at the sum of $40 per month as herein provided. Complainant to recover costs of both courts, including solicitor's fees of $30 in each court.

MOORE, C. J., and STEERE, BROOKE, STONE, and OSTRANDER, JJ., concurred. BLAIR and BIRD, JJ., did not sit.