### HILL v. HILL.

1. DIVORCE—ALIMONY—STATUTES—REVISION OF DECREE.
   Court of equity may revise alimony provisions of divorce decree pursuant to 3 Comp. Laws 1929, § 12748, when new facts transpiring after original decree make a change necessary.

2. SAME—LANGUAGE OF DECREE—TIME FOR APPEAL.
   No language in original decree of divorce can extend the power to revise decree after the time for appeal has elapsed.

3. SAME—EVIDENCE—INSUFFICIENCY.
   Revision of alimony provisions of divorce decree will not be made on petition therefor where evidence shows inadequacy of original decree but no change in the situation of either party.

Appeal from Ingham; Carr (Leland W.), J. Submitted January 10, 1934. (Docket No. 124, Calendar No. 37,565.) Decided April 3, 1934.

Bill by Ada Brassard Hill against Harry Deaver Hill for divorce. Decree for plaintiff. On petition of plaintiff for modification of decree as to alimony. From order modifying decree, defendant appeals. Reversed.

*Frank L. Young, Jr.,* for plaintiff.

*A. M. Cummins,* for defendant.

BUSHNELL, J.   Defendant has appealed from an order modifying the original decree of divorce granted plaintiff and allowing her increased alimony.   The original decree was entered on December 2, 1932, and allotted to plaintiff the sum of $10 per week for the support of one child until he should reach the age of 17 years.   Nothing was provided for the support of three older children, including an 18-year old son who is living with plaintiff at the present time.   Defendant was also ordered to pay plaintiff, as permanent alimony for her own support and maintenance, the further sum of $75 per month until the first day of July, 1933, and $50 per month thereafter.   The decree stipulated that "either party may at any time apply for a modification of the provision relating to the support of the plaintiff."

On August 26, 1933, plaintiff filed a petition to modify the decree, praying that she be granted "an increased alimony allowance commensurate with defendant's present income and assets and such a sum as will enable her to properly provide a suitable home for herself and the two boys."   The petition alleged that certain stocks owned by the defendant had materially appreciated in value; that his salary had increased, and that he had remarried.   The defendant's answer, under oath, amounted to a general denial and he was not sworn as a witness.

The proofs indicated that plaintiff and her two boys were doing the best they could with the money available but were having quite a struggle to meet the problems of existence.   There was no evidence justifying a conclusion that defendant had bettered himself financially since the entry of the original

decree. The court entered an order of modification on October 25, 1933, requiring defendant to pay $75 per month alimony from and after November 1, 1933. The only reason given by the court for the increased allowance was that "the alimony provision of said decree in regard to support of the plaintiff is not properly commensurate with defendant's income and assets and is not such a sum as will enable her to provide a suitable home for herself."

Section 12748, 3 Comp. Laws 1929, authorizes courts of equity to revise the alimony provisions of decrees of divorce that may be entered by them. Judicial interpretation of the statute has restricted this power. The reasoning in support of a limitation was early set forth in the case of *Perkins* v. *Perkins,* 12 Mich. 456.

"The section must be construed to mean one of two things. It may be construed as empowering the court to change the decree for alimony, from time to time, on facts existing when the decree is granted, or on new facts thereafter transpiring; or as only authorizing a change in the latter, when they are of such a character as to make it necessary to suit the new state of facts. The last we think is the true construction. We cannot suppose the first to have been in the mind of the legislature, as it would virtually take away the right of appeal, which the law gives to the party who may feel himself aggrieved by the decision of an inferior tribunal, and subject the rights of the parties to the discretion of the court making the decree, however arbitrarily or capriciously exercised. But as various circumstances might occur after alimony granted—as adultery on the part of the woman, or the loss of property by some inevitable accident on the part of the man, and the like—we are led to believe that the statute was intended to provide for such new circumstances, and

that that was all the legislature had in view in enacting it; that it was not designed to affect the right of appeal, or to give to the court granting alimony power to review and to reverse or modify its own decree. Such a power would be unprecedented, and out of the ordinary course of judicial proceedings."

No language in the original decree can extend that power or reserve the right to revise a decree after the time for appeal has elapsed.

The testimony presented here tends to show the inadequacy of the original decree, rather than to set forth new facts justifying a revision, and such a showing has always been held insufficient in Michigan. *Perkins* v. *Perkins, supra; Goodman* v. *Goodman,* 26 Mich. 417; *Stein* v. *Stein,* 223 Mich. 66; *Sherman* v. *Kent,* 223 Mich. 200; *Gould* v. *Gould,* 226 Mich. 340. Only a change in the situation of either party will sustain an alteration of the original alimony award.

"The question then is: Have new facts arisen since the decree was made justifying its modification." *Kelly* v. *Kelly,* 194 Mich. 94.

Plaintiff cites *Aldrich* v. *Aldrich,* 166 Mich. 248, 251, in support of her claim that the court should take judicial notice of an increased cost of living, but that case is not authority for her contention. The court held therein that the petitioner had proved that his income would purchase far less by reason of the increased cost of living.

There being no evidence showing a change in the situation of either party, the order of the trial court is reversed, but without costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.