FORD *v.* FORD.

1. DIVORCE—ALIMONY—FRIEND OF THE COURT.
   The court is not bound by the recommendation of the friend of the court as to amount of alimony payable in a suit for divorce.

2. SAME—ALIMONY—FINANCIAL CONDITION OF HUSBAND.
   A showing of improved financial condition of a husband is not a prerequisite to modification of a decree of divorce to increase alimony payable by him.

3. SAME—ALIMONY—MODIFICATION OF DECREE—EVIDENCE.
   A sufficient change of circumstances was shown by wife to warrant modification of decree as to alimony from $25 to $50 a week where it was shown husband's gross income was $16,000 a year at time decree was granted and has remained as much or more since then, trust fund of $4,000 for wife has been exhausted and her health has been so impaired by recurrence of malady with which she was afflicted before divorce as to render her unable to work and earn a livelihood.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 4, 1951. (Docket No. 45, Calendar No. 44,984.) Decided March 1, 1951.

Divorce proceeding between Maxine Ruth Ford and Elwood James Ford. On petition of plaintiff for increase of alimony. Decree amended. Defendant appeals. Affirmed.

*Goetz & Goetz,* for plaintiff.

*Henry C. L. Forler, Hugh K. Davidson* and *Louis S. Bernadotte,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur, Amicus Curiae, § 4.
[2, 3] 17 Am Jur, Divorce and Separation, § 643 *et seq.*

DETHMERS, J. In 1946, plaintiff was awarded a decree of divorce requiring defendant to pay her $25 weekly alimony, and $5,000 as property settlement, of which $4,000 was placed in trust for her benefit and paid to her in $25 weekly instalments. In 1948, she petitioned for modification of decree to increase the alimony to $75 per week. Defendant appeals from an order increasing the weekly alimony to $50.

Defendant's contention on appeal is largely that there was no basis for the modification because the friend of the court recommended to the contrary and there was no showing of improved financial condition on defendant's part since decree.

The court is not bound in such matters by the recommendation of the friend of the court. A showing of improved financial condition of the husband is not a prerequisite to modification of a decree of divorce to increase the alimony payments to be made by him. *Stern* v. *Stern,* 327 Mich 567; *Fischer* v. *Fischer,* 320 Mich 176.

Defendant's gross income was approximately $16,000, both in 1946 when the decree was granted and in 1948 when the petition for modification was filed. It appears to have been much greater in 1947. He is well able to make the $50 weekly payments. Plaintiff's position and condition have materially worsened since decree. She has been seriously ill with recurrence of a malady, from which she suffered before divorce, requiring frequent hospitalization, doctors' care and medicines. Resultant expenses exhausted the trust fund so that her weekly income fell to $25, alimony, instead of $50 as before when she received the payments from the trust fund. She will continue to require medical care and possible hospitalization and surgery in the future. Her clothes have worn out and she has been financially unable to replace them. Her physical condi-

tion is such that she cannot work or earn a livelihood. Sufficient change of circumstance was shown to warrant the modification. *Stern* v. *Stern, supra; Wern* v. *Wern,* 171 Mich 82; *Rood* v. *Rood,* 280 Mich 33.

Order modifying decree affirmed, with costs to plaintiff.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.