LAMB *v.* LAMB.

1. DIVORCE—REDUCTION OF ALIMONY—IMPROVEMENT IN WIFE'S HEALTH.

An improvement in the health of a divorced wife may constitute such a change of circumstances as to be made the basis of a reduction in payments of alimony required from the divorced husband.

2. SAME—REDUCTION OF ALIMONY—IMPROVEMENT IN WIFE'S HEALTH.

The reduction in alimony payments from $150 to $110 per month, in addition to payments of $100 per month for support of 3 minor children, subject to reduction as each child reached 18 or finished high school, *held,* not an abuse of discretion, where at time of hearing on petition to amend decree, wife's health had so materially improved as to enable her to obtain employment which she had then held for 10 weeks and which did not appear to have been beyond her strength or injurious to her health.

3. SAME—MODIFICATION OF DECREE—CHANGE OF TIME OF VISITATION BY FATHER.

Alteration of decree of divorce to provide that husband might have the children on either Friday or Saturday nights rather than Saturday nights only, made pursuant to oral request at hearing on petition to modify decree as to alimony payments, *held,* not such a change as to constitute an abuse of discretion lodged in the trial court, where the period of visitation was shortened and neither the wife nor the children were prejudiced thereby; the failure to notify the prosecuting attorney of the request to change time of visitation not being a fatal omission.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation § 651.
[2] 17 Am Jur, Divorce and Separation § 703.
[3] 17 Am Jur, Divorce and Separation §§ 679, 684.
[4] 17 Am Jur, Divorce and Separation § 576.

4. SAME—COSTS—MODIFICATION OF DECREE—ALIMONY—VISITATION.
No costs are allowed upon modification of decree of divorce, where divorced husband secures relief by way of reduction in alimony payments and change of time of right to visit minor children.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J.. Submitted April 4, 1957. (Docket No. 33, Calendar No. 47,225.) Decided June 3, 1957.

Following a decree of divorce in the case of John C. Lamb against Ruth E. Lamb, granted to defendant on her cross bill, plaintiff petitioned for termination of alimony. Order entered granting reduction, and changing date for visitation of children. Defendant appeals. Affirmed.

*Linsey, Shivel, Phelps & Vander Wal* (*Robert B. Linsey* and *Dale M. Strain*, of counsel), for plaintiff.

*Bergstrom, Slykhouse & Murphy*, for defendant.

CARR, J. The parties to this case were divorced by decree entered in the trial court on December 13, 1954. On the 8th of December preceding they entered into a property settlement agreement which by its terms indicated that it was prepared in accordance with an oral understanding, reached in court, which allowed defendant to proceed on her cross bill. The provisions of the agreement were incorporated in the decree, pursuant to which defendant was granted the custody of the 3 minor children of the parties and plaintiff and cross defendant was required to pay $100 per month for their support, subject to reduction as each child reached the age of 18 or finished high school. He was also ordered to pay to defendant and cross plaintiff the sum of $150 per month by way of alimony, and to

convey to her his interest in the home that the parties owned, subject to a mortgage thereon.

The decree provided that plaintiff should have the privilege of visiting the children "at reasonable times and places." Shortly after the entering of the decree, and on December 30, 1954, the provision with reference to visitation rights was amended in such manner as to give to plaintiff and cross defendant the right to take the children from their home each Saturday afternoon and evening, subject to the condition that he return them at a seasonable hour. The record indicates that by agreement of the parties appellee was permitted at times to take the children Friday evening rather than on Saturday, but that appellant refused to continue such voluntary arrangement, insisting that the language of the decree should be strictly followed.

In April, 1956, appellee filed his petition asking that the decree be modified by deleting the provision requiring him to pay alimony to the appellant. It was his claim that his financial situation rendered it difficult for him to meet the payments required, and that appellant's necessities were less than at the time of the granting of the divorce. On the hearing he requested orally that the clause of the decree giving him the right to have the children with him Saturday afternoon and evening of each week be changed to allow him to take them, at his election, either Friday or Saturday evening. After listening to the proofs of the parties the trial court came to the conclusion that there had been a material change in circumstances and that the alimony should be reduced to $110 per month. Appellee's request with reference to visitation rights was also granted. An order amending the decree was entered in accordance with the findings of the court, and defendant and cross plaintiff has appealed.

At the hearing on the petition appellant testified that at the time of the property settlement and the subsequent entry of the decree of divorce she was ill and unable to work. Apparently her health improved during the following year and on the 22d of February, 1956, she was employed by the Michigan Bell Telephone Company at a base pay of $44.50 per week, with time and one-half for overtime. She also disposed of the home and rented an apartment for herself and the children. Whether her financial situation was improved as a result of disposing of the property appears to be in dispute, but it is a matter of inference from the testimony that she was relieved from the duties and obligations incident to the ownership and maintenance of the home. In any event the record clearly supports the conclusion that her health was materially improved at the time of the hearing on the petition for modification of the decree.

In *Wern* v. *Wern*, 171 Mich 82, plaintiff obtained a divorce from the defendant on the ground of extreme and repeated cruelty, the decree, as appears from the record in the case, providing alimony in the sum of $40 payable forthwith, $25 per month for the first 6 months following decree, and $20 per month thereafter. Plaintiff was not in good health at the time. Claiming that the sum of $20 per month was inadequate to enable her to support herself, she filed a petition for the modification of the decree. The trial court denied relief but this Court, reviewing the matter on the record before it, concluded that there was such a change of circumstances and conditions as warranted increasing the amount of the monthly payment to $40. The record in the case indicated that plaintiff's health, instead of improving after the granting of the decree, had gradually grown worse until, as she claimed, she was unable to engage in any gainful employment. A somewhat

similar situation existed in *Rood* v. *Rood,* 280 Mich 33, in which the action of the trial court in increasing the award of alimony was upheld. A like conclusion was reached in *Ford* v. *Ford,* 330 Mich 33, it appearing from the record that the plaintiff's condition had changed for the worse following the granting of the decree. Decisions in other jurisdictions recognizing that ill-health on the part of a divorced wife may properly be regarded as a change in circumstances will be found cited in the annotation to the case of *Arnold* v. *Arnold,*\* 18 ALR2d 1, 70 *et seq.*

In the case at bar appellant's physical condition improved following the entering of the decree of divorce. According to her testimony on the hearing of the petition for modification of the decree, she was unable to work at the time the property settlement between the parties was made, and approved by the court. At the time of the hearing she had been employed for approximately 10 weeks. It does not appear that she found the work beyond her strength, or injurious to her health. The record fully supports the conclusion that her physical condition so changed as to affect the amount of alimony reasonably required for her support, or in aid thereof. That a change for the worse in the health of a divorced wife may be regarded as justifying an increase in alimony payments is generally recognized. The conclusion logically follows that an improvement in health may, under proper circumstances, be made the basis of a reduction in payments required from the divorced husband. Under the facts in the case at bar it cannot be said that the trial judge abused his discretion in reducing the alimony from $150 to $110 per month.

---

\* 332 Ill App 586 (76 NE2d 335).—REPORTER.

Counsel for appellant, in support of their claim that there was no material change in circumstances in the instant case justifying the action of the trial court, cite and rely on *Rowe* v. *Rowe*, 291 Mich 451; *Christensen* v. *Christensen*, 295 Mich 203; and *Harter* v. *Harter*, 307 Mich 258. In the *Rowe Case* an order of the trial court modifying the alimony provision of a divorce decree by reducing the monthly payment from $100 per month to $65 per month was set aside, this Court finding from the record that there was no material change in circumstances. The petition for modification was based primarily on the claim that defendant's financial condition was less favorable than at the time of the granting of the decree. He also claimed that he should be allowed a reduction in the alimony that he had agreed to pay because plaintiff had by economy accumulated a bank account, and had a prospective inheritance from the estate of her mother. In concluding that the provision of the original decree should stand, the Court rejected defendant's claims. It may be noted that no issue was involved with reference to any change in plaintiff's health.

In the *Christensen Case* the Court came to the conclusion that under the facts presented the plaintiff's efforts to assist herself financially did not justify releasing defendant from his obligation to pay alimony. As in the *Rowe Case,* there was no claim of improvement in the health of plaintiff between the granting of the decree and the hearing on the petition for modification. A like situation existed in *Harter* v. *Harter*. These decisions, and others of like import, may not be regarded as authority for the proposition that a material improvement in the health of a divorced wife is not such a change in circumstances as may justify a decrease in alimony payments required for her support.

. Appellant also asserts that the trial court was in .error in modifying the provision of the decree with reference to the "visitation rights" of the appellee. ·Emphasis is placed on the fact that the petition for .modification did not ask such relief. As before noted, appellee's request that the provision be modified so .as to give him the right to take the children Friday evening rather than on Saturday was made orally at the time of the hearing on his petition. It does not appear, however, that any objection to the consideration of such request was made at the time. Counsel for appellee might properly have sought leave to amend the petition but apparently such action was not deemed to be necessary, either by the court or by counsel. As before noted, appellee had been permitted on occasions to.take the children Friday evening instead of on Saturday. It does not appear that either appellant or the children were prejudiced thereby.

Obviously we are not dealing with a material change in custody. The period during which appellee might have the children was not increased but, rather, was shortened. No claim is made that appellant was, or is, prejudiced by the action of the court. It appears from the undisputed testimony that on occasions appellee could not because of his work, have the children with him on Saturday afternoon or evening. Under the facts involved here, failure to notify the prosecuting attorney of the request to change the time when appellee might take the children was not a fatal omission. The case does not involve the fixing of custody in the first instance, or a subsequent change thereof. *Geark* v. *Geark*, 318 Mich 614; *Jernigan* v. *Jernigan*, 344 Mich 511, and other decisions cited by counsel for appellant in their discussion of the issue, as to visitation rights, involved factual situations wholly different from that presented in the case at bar. Under the circum-

stances the trial court did not abuse his discretion by incorporating in the decree the provision of which appellant complains.

The order of the trial court modifying the decree in the respects indicated is affirmed, without costs.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY, and BLACK, JJ., concurred.