BATTISTI *v.* BATTISTI

DIVORCE—ALIMONY—MODIFICATION OF JUDGMENT—DISCRETION.

> A change of circumstances is a prerequisite to the modification of an alimony award, but only where an award has in fact been made; therefore, awarding alimony to the wife by amending a divorce judgment which expressly reserved the question of alimony in the belief that the wife would seek and gain employment was within the discretion of the trial court where she did not succeed in gaining employment because of high blood pressure, heart disease, and diabetes.

Appeal from Wayne, Thomas E. Brennan and Cornelia G. Kennedy, JJ. Submitted Division 1 April 8, 1970, at Detroit. (Docket No. 6,571.) Decided June 1, 1970.

Motion by Anna M. Battisti, defendant, against Sylvester J. Battisti, plaintiff, for modification of divorce judgment. Judgment amended to award defendant alimony. Plaintiff appeals. Affirmed.

*John H. McCartney (David Gooze,* of counsel), for plaintiff.

*John R. Urso (Ralph H. Watt,* Staff Assistant), for defendant.

---

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation §§ 609, 674, 676.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and WEIPERT,* JJ.

PER CURIAM. The parties to this appeal were divorced under a judgment of the Wayne County Circuit Court, entered by Judge Thomas E. Brennan, now Chief Justice THOMAS E. BRENNAN, on March 12, 1965. The question of alimony was expressly reserved in the judgment in the belief that defendant would seek and gain employment.

Defendant did not succeed in gaining employment, and, in February, 1967, moved for modification of the judgment. A hearing was held before Judge Brennan's successor, Judge Cornelia G. Kennedy, who received the testimony of an examining physician that defendant was unemployable because of high blood pressure, heart disease, and diabetes. The physician also testified that defendant's physical condition had in all probability deteriorated over the past year and would continue to deteriorate in the future. Judge Kennedy amended the judgment to award defendant alimony of $30 per week.

Plaintiff contends the motion should have been denied since, as the record shows, defendant suffered from the same ailments when the judgment was entered and therefore, he argues, there has been no change in circumstances, a prerequisite to any modification of an award of alimony. *Hill* v. *Hill* (1934), 266 Mich 402; *Binkow* v. *Binkow* (1941), 298 Mich 609.

Plaintiff's contention is without merit, even if it be assumed *arguendo* that neither the ongoing deterioration of defendant's health** nor the present knowl-

---

* Circuit judge, sitting on the Court of Appeals by assignment.
** See *Ford* v. *Ford* (1951), 330 Mich 33, where the deterioration of the wife's pre-existing condition was held to be a change of circumstances justifying modification of the award; along with *Wern* v. *Wern* (1912), 171 Mich 82, and *Rood* v. *Rood* (1937), 280

edge that she is unemployable constitutes a change in circumstances. A change of circumstances is a prerequisite to the modification of an alimony award, but only where an award has in fact been made. See *Hill* and *Binkow, supra,* along with the cases cited in 9 Michigan Law & Practice, § 131, pp 573–575. In the instant case, no award was made, the question of alimony having been expressly reserved. At the same time, the case law of this state authorizes an express reservation of the question of alimony. *Seibly* v. *Person* (1895), 105 Mich 584; *McCoy* v. *McCoy* (1947), 317 Mich 478. The reason given for reservation of the question here was the court's belief that defendant was able to work and that the refusal to grant her alimony at the time of judgment would encourage her to seek employment. Two years later defendant showed by competent testimony that she was indeed unemployable and thus there was no longer any reason to reserve judgment on the question.

The trial court acted within its discretion by awarding alimony to defendant.

Affirmed.

---

Mich 33, where the *continuation* of the wife's pre-existing condition was held to be a change in circumstances likewise justifying modification.