BOYER *v.* BOYER

1. DIVORCE—ALIMONY—INCREASE IN ALIMONY—ABILITY TO WORK—
   ILLNESS—CHANGE OF CIRCUMSTANCES.
   Illness which hampers the ability of the party receiving alimony
   to work may constitute a sufficient change in circumstances to
   warrant an increase in alimony.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 24 Am Jur 2d, Divorce and Separation §§ 677, 680, 684.

2. Divorce—Alimony—Increase in Alimony—Change of Circum-
   stances.
   Increasing the alimony payable to defendant wife from $300 bi-
   weekly to $375 bi-weekly was not an abuse of discretion where
   three years had passed since the judgment of divorce was
   entered and the defendant, who had been working as a prac-
   tical nurse at the time of the initial award, was at the time
   of the increase suffering from emotional problems and fatigue
   which precluded her from working and was under the care of
   two doctors, one of whom was treating her for a thyroid
   condition.

3. Divorce—Alimony—Increase in Alimony—Ability to Pay.
   Ability to pay is the relevant criterion in determining whether
   alimony should be increased.

Appeal from Midland, Robert H. Campbell, J. Submitted Division 3 November 10, 1970, at Grand Rapids. (Docket No. 8284.) Decided February 17, 1971.

Complaint by Raymond F. Boyer against Frances Boyer for divorce. Judgment for defendant on her counterclaim for divorce. Defendant's motion for an increase in permanent alimony granted. Plaintiff appeals. Affirmed.

*Joel H. Kahn,* for plaintiff.

*Wilson & Stone,* for defendant.

Before: T. M. Burns, P. J., and R. B. Burns and Munro,* JJ.

R. B. Burns, J. Plaintiff appeals the trial court's order granting an increase in alimony stemming from a 1966 divorce judgment.

Three years had passed since the 1966 judgment had been entered granting $300 in bi-weekly alimony

---

* Circuit judge, sitting on the Court of Appeals by assignment.

payments to defendant. The trial judge increased payments by $75. One condition which had changed during the three year interval and on which the trial court based its decision concerned the failing health of the petitioner. The 1966 divorce judgment was granted while petitioner was in good health and working as a practical nurse. At the hearing petitioner claimed that she had suffered emotional problems and fatigue which precluded her from working. She also testified that she was under the care of two doctors, one of whom was treating her for a thyroid condition.

Plaintiff did not rebut the testimony that petitioner's health had failed. Illness which hampers the ability of a wife to work may constitute a sufficient "change of circumstances" to warrant an increase in alimony. *Ford* v. *Ford* (1951), 330 Mich 33; *Rood* v. *Rood* (1937), 280 Mich 33.

The trial judge's opinion stated that petitioner, due to her inability to work, was forced to forgo or reduce certain needs that were present at the time of the 1966 divorce.

By statute Michigan courts are authorized, on petition by either party, to "revise and alter" alimony awards given in prior divorce proceedings. MCLA § 552.28 (Stat Ann 1957 Rev § 25.106). Exercise of this authorization will not be interfered with on appeal unless there is a clear abuse of discretion. *Burr* v. *Burr* (1946), 313 Mich 330; *Goetsch* v. *Goetsch* (1968), 10 Mich App 440. This discretion is not exceeded where a review of the record reveals a sufficient change in conditions of the parties to justify modification. *Wellman* v. *Wellman* (1943), 305 Mich 365; *Pohl* v. *Pohl* (1968), 13 Mich App 662.

The trial court did not abuse its discretion in granting an increase in alimony to help meet the

needs which had arisen due to petitioner's failing health and her resultant inability to earn money.

Appellant's contention that the trial court erred when it considered his gross income rather than net income is neither supported by the record nor relevant. Ability to pay is the relevant criterion in determining whether alimony should be increased. *Stern* v. *Stern* (1950), 327 Mich 567; *Ford* v. *Ford, supra.* The trial court's opinion makes it clear in no uncertain terms that gross income is not, and was not, the only consideration in determining plaintiff's ability to pay.

Plaintiff's final claim of error stems from the trial court's refusal to permit the questioning of petitioner about her seven prior unsuccessful petitions against plaintiff concerning the 1966 divorce judgment. It was plaintiff's theory at trial level that petitioner's health problems and her resultant inability to work stemmed from her continual but unsuccessful harassment of the plaintiff. The trial judge possesses a great deal of discretion when ruling on the admissibility of evidence. *Battle Creek Food Co.* v. *Kirkland* (1941), 298 Mich 515; *Jones* v. *New York C. R. Co.* (1967), 8 Mich App 575. We cannot find any abuse of this discretion.

Affirmed. Costs to defendant.

All concurred.