YANZ v YANZ

Docket No. 57666. Submitted March 3, 1982, at Lansing.—Decided May 21, 1982.

Willis J. Yanz sought and was granted a divorce from Joan M. Yanz. The original judgment of divorce provided that plaintiff was to pay alimony of $150 per month. Thereafter defendant sought an increase in alimony because her health had deteriorated to the point that she needed live-in help to care for her basic needs. The Ingham Circuit Court, Ray C. Hotchkiss, J., ordered that the alimony obligation be increased to $400 per month. Plaintiff appeals. *Held:*

The defendant's deteriorated health was a changed condition which was sufficient to justify modification of the alimony award.

Affirmed.

1. DIVORCE — MODIFICATION OF JUDGMENTS — NEW FACTS.

Modification of a divorce judgment is permissible only when necessary to meet new facts or changes in conditions transpiring subsequent to the judgment which justify the revision.

2. DIVORCE — ALIMONY — MODIFICATION OF AWARD.

There is no minimum period of time which must elapse following entry of a divorce judgment before an alimony modification request may be presented to and considered by the trial court.

3. DIVORCE — ALIMONY — MODIFICATION OF AWARD — ILL HEALTH.

Ill health of a divorced spouse may be regarded· as a changed circumstance justifying an increase in alimony payments; the deterioration of a spouse's pre-existing condition is a sufficient change in circumstance to justify modification of an alimony award.

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 423.
[2] 24 Am Jur 2d, Divorce and Separation § 655 *et seq.*
[3] 24 Am Jur 2d, Divorce and Separation § 684.

*Hubbard, Fox, Thomas, White & Bengtson* (by *Michael G. Woodworth*), for plaintiff.

*Deming, Hughey, Keiser, Allen & Chapman,* for defendant.

Before: M. F. CAVANAGH, P.J., and ALLEN and E. C. PENZIEN,* JJ.

PER CURIAM. Plaintiff husband appeals from the trial court's modification of the original judgment of divorce whereby plaintiff's alimony obligation was increased from $150 per month to $400 per month.

The original judgment of divorce was entered on June 25, 1980. The judgment provided, as agreed by the parties, that plaintiff would pay $150 per month permanent alimony to defendant. On December 30, 1980, defendant petitioned for modification of the divorce judgment. The record reflects that in 1975 defendant was diagnosed as having multiple sclerosis. Her condition has slowly deteriorated. When the divorce judgment was entered, defendant was living alone in an apartment and was able to care for herself with the assistance of visiting nurses. By December, 1980, defendant's condition had deteriorated such that she required live-in help to care for her basic needs. She petitioned for an increase in alimony to cover the additional expense.

Plaintiff contends that the trial court abused its discretion by granting the modification. He asserts that defendant knew of her condition when she agreed to accept $150 per month in permanent alimony and failed to show changed circumstances sufficient to warrant the modification.

It is a long-standing rule that alteration or

* Circuit judge, sitting on the Court of Appeals by assignment.

revision of a divorce judgment is permissible only when necessary to meet new facts or changes in conditions transpiring subsequent to the judgment which justify revision. *Brown v Brown,* 335 Mich 511; 56 NW2d 367 (1953), *Schwein v Schwein,* 233 Mich 67; 206 NW 353 (1925), *Quinn v Quinn,* 226 Mich 239; 197 NW 504 (1924), *Perkins v Perkins,* 12 Mich 456 (1864), *Schaeffer v Schaeffer,* 106 Mich App 452; 308 NW2d 226 (1981), *Graybiel v Graybiel,* 99 Mich App 30; 297 NW2d 614 (1980). The Court explained in *Sherman v Kent,* 223 Mich 200, 201-202; 193 NW 795 (1923), "[t]hat the court may modify and revise provisions for alimony is unquestioned * * * [b]ut an application to modify a decree * * * is not a rehearing of the original case, or a review of the equities of the original decree. *Smith v Smith,* 139 Mich 133 [102 NW 631 (1905)]."

There is no minimum period of time which must elapse following entry of a divorce judgment before an alimony modification request may be presented to and considered by the trial court. Accordingly, the fact that defendant petitioned for increased alimony six months after the divorce judgment was entered is not dispositive of this case.

It is generally recognized that the ill health of a divorced spouse may be regarded as justifying an increase in alimony payments. Decisions in other jurisdictions following this principle will be found in 18 ALR2d 1, 70-73. Michigan has followed the rule that the deterioration of the wife's pre-existing condition is a sufficient change of circumstance to justify modification of an alimony award. *Ford v Ford,* 330 Mich 33; 46 NW2d 452 (1951), *Rood v Rood,* 280 Mich 33; 273 NW 337 (1937), *Wern v Wern,* 171 Mich 82; 137 NW 71 (1912), *Battisti v Battisti,* 24 Mich App 262; 180 NW2d 64 (1970).

Conversely, an improvement in health may, under proper circumstances, be made the basis of a reduction in payments required from the divorced husband. *Lamb v Lamb,* 348 Mich 557; 83 NW2d 323 (1957).

Accordingly, we conclude that the trial judge did not abuse his discretion by granting defendant's petition for increased alimony, nor can we say we would have reached a different decision.

Affirmed.