*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DENISE DEBORAH LANCASTER,

      Plaintiff-Appellee,

v

DAVID RUSSELL LANCASTER,

      Defendant-Appellant.

UNPUBLISHED
January 28, 2020

No. 343388
Oakland Circuit Court
LC No. 2013-812361-DO

Before: BECKERING, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

Defendant appeals the order determining the amount of attorney fees and costs that were awarded to plaintiff in the trial court's earlier order. We affirm.

## I. FACTUAL BACKGROUND

The parties were married on July 6, 1996. Throughout most of the marriage, defendant worked as an engineer and an attorney for General Motors, and he earned approximately $200,000 annually. He retired from General Motors on August 31, 2013, when he was almost 65 years old, took a lump sum buyout, and planned to continue to work elsewhere until he was approximately 70 years old. He soon began a new position with FEV North America, earning an annual salary of $153,000.

At the time of her marriage to defendant, plaintiff was a nurse manager at Beaumont Hospital. She earned a master's degree in clinical psychology in May 2004. After obtaining this degree, plaintiff worked exclusively as a therapist, except for a brief stint in 2008 when she taught and in 2009 when she worked as a nurse. After this, she never worked as a nurse again and focused on building her psychology practice, but her income was slow to grow. In 2013, her gross income from her psychology practice was $11,515, and in 2014 it was $15,650.

Plaintiff filed for divorce from defendant on September 9, 2013. The parties entered into a stipulated order for binding arbitration on September 3, 2014, agreeing that "[t]his cause and all issues raised by pleadings are placed in binding arbitration." On October 29, 2014, one day after arbitration concluded, defendant informed the arbitrator and plaintiff that his employer was

-1-

cutting his hours to "half-time," with his salary being reduced to $76,500 per year. On the basis of defendant's reduced salary and the arbitrator's decision to impute $35,000 in annual income to plaintiff, the arbitrator concluded that plaintiff's spousal support would be $2,375 per month for 60 months. Plaintiff requested an automatic increase in support upon defendant securing full-time employment or his income otherwise increasing. The arbitrator denied the request but stated that support should increase by some amount upon defendant returning to full-time employment/compensation and ordered the parties to exchange annual income and earning information each year by March 1 during the initial five-year period.

The Judgment of Divorce was entered by the circuit court on May 15, 2015, and included the arbitrator's opinions and orders. The Judgment provided in paragraph 35 that "[i]f either party fails to comply with any provisions within this Judgment and litigation is commenced to enforce any provisions herein, then the prevailing party shall be entitled to his or her reasonable costs and attorney fees from the other party."

On December 30, 2015, plaintiff moved to (1) enforce the Judgment of Divorce; (2) compel arbitration on the issue of modification of spousal support, or, in the alternative, for modification of spousal support; and (3) for attorney fees pursuant to both the Judgment and MCR 3.206. Plaintiff asserted that defendant accepted a job offer from Borg Warner on May 20, 2015, just five days after the Judgment was entered, and his income increased to include a $157,000 per year base salary, $7,500 hiring bonus, an additional annual bonus of between $19,400 and $77,500, and eligibility for participation in various employee benefit programs (medical insurance, life insurance, flexible spending accounts, vacation, etc.). Moreover, plaintiff asserted that defendant failed to pay plaintiff's medical expenses, to provide proof of life insurance, to cooperate with the division of the marital furniture and furnishings, and to make timely spousal support payments, as required by the Judgment. Defendant answered plaintiff's motion, essentially denying all of her allegations.

On April 5, 2016, the trial court heard plaintiff's motion. Plaintiff testified that she was to receive a pension from Beaumont of $1,342 per month beginning in June 2017. However, according to plaintiff, on the basis of her income and spousal support payment, she would not be able to meet her regular monthly expenses of approximately $5,850. Plaintiff claimed that she was not enjoying the same standard of living that she enjoyed for the duration of the marriage, and that she had to take money from her savings and retirement in order to meet her regular monthly expenses. Defendant asserted that his new job did not increase his salary (that it remained approximately the same); that he did not have the duty to inform plaintiff of his new employment until the following year when the time came for the court-ordered exchange of tax returns between the parties; and further that the arbitrator's calculation of spousal support was already based on his full-time salary, not his reduced salary.

On January 13, 2016, the trial court granted plaintiff's motion in part as to the medical bills, ordering defendant to pay plaintiff's medical bills in the amount of $5,144.22, and reserved the issue of attorney fees. In an order entered July 5, 2016, regarding the modification of spousal support, the trial court found that it was no longer an issue for arbitration and that the court would decide the matter. The trial court determined that plaintiff met her burden of demonstrating a change in defendant's circumstances since the entry of Judgment, warranting an increase in spousal support. The trial court found that defendant's annual salary had increased

from $76,500 to approximately $200,000, and this increase in salary provided defendant the ability to pay additional support. The trial court increased spousal support to $70,000 per year. Regarding attorney fees, the court found:

> In the instant case there is clearly a disparity in income available to the parties. The court finds that Defendant Husband's conduct was unreasonable during the course of this litigation. The Arbitrator clearly informed the parties that a change in Defendant Husband's income would constitute a change in circumstances. This is why the Arbitrator ordered the parties to exchange income information annually. Defendant Husband not only failed to notify Plaintiff Wife when his income more than doubled only five days after the entry of the Judgment of Divorce, but also refused to provide income information at the request of Plaintiff Wife's counsel when she learned of his new employment. Finally, when Defendant Husband eventually did provide his income information he then refused to negotiate any modification of spousal support, despite his income more than doubling, resulting in an even greater disparity in income than existed at the time of the Judgment of Divorce. The court finds that there is a causal connection between the unreasonable conduct and the fees and expense incurred and that an award of attorney fees is appropriate in this matter.

The court instructed the parties to set a hearing to determine the amount of attorney fees.

Defendant moved for reconsideration on July 22, 2016, requesting that the trial court set aside its order modifying spousal support. On September 12, 2016, the trial court denied defendant's motion finding that it simply presented the same issues already ruled upon in its previous July 5, 2016 opinion and order. On October 10, 2016, defendant timely filed an application for leave to appeal the trial court's July 5, 2016 opinion and order to this Court, which this Court denied "for lack of merit in the grounds presented." *Denise Deborah Lancaster v David Russell Lancaster*, unpublished order of the Court of Appeals, February 23, 2017 (Docket No. 335039).

On June 13, 2017, defendant's counsel formally withdrew as defendant's attorney of record, and defendant, a licensed attorney, began representing himself. On June 28 and again on July 3, 2017, defendant emailed plaintiff's attorney directly requesting that his spousal support be significantly reduced and that he not be required to pay any of plaintiff's attorney fees, stating that if he did not hear back from plaintiff's counsel, he would file a motion requesting such with the court. Plaintiff's counsel responded to defendant's e-mail attempting to dissuade defendant from filing the motion:

> You have not provided any basis for reducing your spousal support obligation. There must be good cause or change of circumstances. You allude to a health issue but provide no details. It does not appear to be a basis for reducing support. Similarly [plaintiff's] pension is not a new fact. The court awarded attorney fees. It's too late to seek reconsideration. The only issue is how much. . . . If you are not interested in agreeing on the amount of the fees I will ask the court to set the matter for hearing. If you file a motion to reduce support without proper cause or change of circumstances I will again seek fees as it will be frivolous. Your

application for leave to appeal was denied. Your continued disagreement with the arbitrator and the court as articulated below is not a basis for seeking a reduction in support.

Defendant proceeded to file a motion with the trial court on July 17, 2017, to "Correct Mistakes, Reduce Spousal Support, and Eliminate Payment of Attorney Fees," a 68-paragraph, 10-page motion and 10-page supporting brief, seeking a retroactive "correction" in spousal support, dismissal of the attorney fee award, imputation of additional income to plaintiff, termination of spousal support, and sanctions against plaintiff's attorney. In response to defendant's motion, plaintiff requested sanctions under MCR 2.114, arguing that defendant's motion was untimely, was not well grounded in fact, was not warranted by existing law, and was not a good-faith argument for the extension, modification, or reversal of existing law. The trial court agreed, granted plaintiff's request for sanctions under MCR 2.114, and set a hearing to determine the amount and reasonableness of sanctions and attorney fees, pursuant to its previous July 5, 2016 opinion and order modifying spousal support.

On February 6, 2018, the trial court heard testimony on the amount and reasonableness of the requested sanctions and fees. Plaintiff called her attorney to testify and offered six exhibits into evidence regarding fees and costs. Defendant called no witnesses and offered no exhibits into evidence. Defendant cross-examined plaintiff's attorney attempting to have her admit that she was untruthful in prior proceedings, specifically about plaintiff's 2010 income, and plaintiff objected to defendant's line of questioning. Defendant responded that "[t]he assumption that the spousal support was based on my income of 76,500 was demonstrably false." The trial court then interjected:

> [T]he problem is this: Your attorney filed a motion for reconsideration that the Court ruled on in September of 2016. So—and you appealed and your application was denied. So we're past that. The Court is not about to relitigate any of those issues, as the Court previously stated.

On March 28, 2018, the trial court ordered defendant to pay $45,119.50 in attorney fees and $1,612.78 in expenses. Defendant now appeals this order.

## II. STANDARD OF REVIEW

Appellate courts review a trial court's grant or denial of attorney fees for an abuse of discretion. *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Smith v Smith*, 278 Mich App 198, 207; 748 NW2d 258 (2008). Any findings of fact on which the trial court bases an award of attorney fees are reviewed for clear error, but questions of law are reviewed de novo. *Reed*, 265 Mich App at 164.

## III. ANALYSIS

The trial court did not abuse its discretion in ordering defendant to pay plaintiff attorney fees and costs because it was permitted to do so by ¶ 35 of the Judgment of Divorce, MCL 552.13, MCR 3.206(D)(2)(a), MCR 1.109(E)(5)(b), (6) and (7), and by defendant's unreasonable conduct throughout the litigation causing plaintiff to incur additional fees and costs.

-4-

Defendant argues that plaintiff should not have been awarded attorney fees and costs because the trial court and the arbitrator made many errors, including that the arbitrator erred in adopting the proposed property distribution submitted by plaintiff's attorney; that the arbitrator erred in finding that defendant failed to disclose certain bonuses and insurance proceeds; and that the trial court erred in its findings of fact regarding the parties' incomes. Most relevant to this appeal, however, defendant argues that the trial court erred in finding that the arbitrator based the initial spousal support award on defendant earning $76,500 instead of $153,000, and thus there was no change in circumstances justifying the arbitrator's increase in spousal support. Defendant alleges that, therefore, his conduct in continuously opposing the spousal support increase in this litigation was reasonable, he never violated any court order, and plaintiff's attorney fees and costs are unjustified.

Defendant asserts that the trial court erred because the spousal support in the arbitrator's second opinion and order, which was incorporated into the parties' Judgment of Divorce, was not based on his reduced income of $76,500, but rather on his full-time salary of $153,000. According to defendant, his increase in income just five days after the entry of the Judgment, which restored his income to approximately $200,000, was not a change of circumstances; defendant maintains his annual income actually remained relatively consistent despite his brief reduction in salary. Defendant notes on appeal that the arbitrator "mentioned the Defendant's income had been reduced to $76,500 per year, and he indicated that the spousal support he awarded was 37.5% of that, but he never stated that he based spousal support on that income." Defendant cites *Washington v Washington*, 283 Mich App 667, 672; 770 NW2d 908 (2009), for the proposition that "[c]ourts will not engage in a review of an 'arbitrator's mental path leading to [the] award.' " *Washington*, 283 Mich App at 672, quoting *DAIIEE v Gavin*, 416 Mich 407, 429; 331 NW2d 418 (1982).

In order to further demonstrate that the arbitrator did not base the initial spousal support on defendant's reduced salary, defendant claims he used the "average monthly support recommendation" from "two software packages often used by many attorneys and judges for guidance in determining spousal support," and entered his full-time income at $153,000. His result was a $2,368 average monthly support recommendation, which is very close to the amount the arbitrator awarded plaintiff in this case, $2,375. Defendant then entered his reduced salary of $76,000, and the result was only $736 as an average monthly support recommendation. Defendant claims that this proves the arbitrator's initial spousal support determination was based upon entering defendant's full-time salary of $153,000 in his calculation. Defendant acknowledges that "the trial court admittedly did not have the [two software programs]" at the time of its decision, "but it committed error in trying to discern the path that the arbitrator used in determining spousal support." Defendant concludes that, because the arbitrator based his award on defendant's full-time salary, there was no change in circumstances when his income increased soon after Judgment was entered, there should have been no increase in spousal support, and thus defendant's conduct in opposing the spousal support increase throughout the litigation was reasonable.

Defendant adds that the attorney fees awarded must be incurred because of misconduct. *Grace v Grace*, 253 Mich App 357, 371; 655 NW2d 595 (2002) (holding that the focus was on whether the wrongful conduct of one party caused the other party to incur the legal fees); *Stackhouse v Stackhouse*, 193 Mich App 437, 445; 484 NW2d 723 (1992). According to

defendant, not only was his conduct reasonable, but he also never violated the Judgment or any court order, and thus there was no misconduct on his part. Defendant explains that nothing in the Judgment required him to notify plaintiff when his income increased, and there was only a requirement to exchange income statements with plaintiff, which he fully intended to do at the appropriate time. Defendant claims the trial court committed clear error and abused its discretion by fining defendant nearly $50,000 in attorney fees and costs when defendant did not commit any misconduct, and the trial court misinterpreted the arbitrator's opinion and order determining the initial spousal support.

Defendant's arguments fail because the trial court did not err in interpreting the arbitrator's determination of the initial spousal support, as it was in fact based on defendant's reduced salary of $76,500, as spelled out in the arbitrator's second opinion and order. Thus, the increase in defendant's salary to approximately $200,000 five days after the Judgment was entered qualified as a change of circumstances justifying an increase in spousal support. Defendant's repeated arguments to the contrary were not well grounded in fact, were unreasonable, and caused plaintiff to incur additional attorney fees and expenses. The trial court's ability to assess fees is not limited to redressing a party's violation of an order, and the trial court correctly did so in the present case.

First and foremost, as the trial court correctly found, the arbitrator's determination of the initial spousal support was based upon defendant's reduced salary of $76,500, and plaintiff's imputed income of $35,000. The arbitrator stated that defendant is "now employed part-time at FEV and is earning $76,500 per year" and that the spousal support award of $2,375 per month "is roughly 37.5% of defendant's current yearly income of $76,500." As plaintiff correctly argues, from the plain and unambiguous words of the arbitrator, it is evident that he based the spousal support on 37.5% of defendant's reduced salary of $76,500. The trial court did not engage in a review of the arbitrator's mental process contrary to *Washington*, 283 Mich App 667 (2009), as defendant argues. Furthermore, defendant argues that the courts are not allowed to engage in a review of an arbitrator's mental path leading to an award, but defendant does so when he uses two different spousal support computer programs and argues that the arbitrator must have arrived at the spousal support award by running these programs and entering defendant's full-time salary of $153,000. There is no evidence in the record that the arbitrator used either computer program, and defendant himself admits that the trial court did not use either program at the time of its decision. In any event, defendant's arguments fail because the arbitrator's initial spousal support award was clearly and expressly based on defendant earning the reduced salary of $76,500.

Just five days after the Judgment was entered and spousal support was awarded to plaintiff based upon defendant's reduced income of $76,500, defendant accepted a new position and his income went up to approximately $200,000. MCL 552.28 allows a trial court to modify a spousal support award contained in a judgment of divorce, and Michigan caselaw allows a trial court to modify spousal support upon a showing of new facts or changed circumstances since the entry of the judgment of divorce. *Rapaport v Rapaport*, 158 Mich App 741, 746; 405 NW2d 165 (1987), mod in part on other grounds 429 Mich 876 (1987). "There is no minimum period of time which must elapse following entry of a divorce judgment before an alimony modification request may be presented to and considered by the trial court." *Yanz v Yanz*, 116 Mich App 574, 576; 323 NW2d 489 (1982). In the present case, plaintiff moved to modify spousal support

approximately seven months after the Judgment was entered.  The trial court found a sufficient change in circumstances

warranting a modification of spousal support:

> The court has taken into account the parties' stations in life, their income, and the needs and expenses of the parties as presented, as well as the above listed factors. The court finds that Defendant Husband's income for spousal support purposes is $200,000.00. The court will continue to impute income to Plaintiff Wife in the amount of $35,000.00 per year. Defendant Husband shall pay to Plaintiff Wife $70,000.00 per year in modifiable spousal support (the court notes that this is less than the equivalent of 37.5% of his yearly income which would be $75,000.00 per year).

The trial court properly found that defendant's historical annual income averaged $200,000, and that an increase in his income back to its historical level constituted a change of circumstances triggering a modification of the spousal support. In the same opinion and order, the trial court found defendant's conduct to be unreasonable and granted plaintiff attorney fees, instructing the parties to set a hearing to determine the amount. Thus, the trial court's modification of spousal support was within its authority, and was not clearly erroneous, as there was a clear change of circumstances in the form of defendant's increase in income.

Defendant thereafter moved for reconsideration of the Opinion and Order Modifying Spousal Support, which the trial court denied. He then timely filed an application for leave to appeal to this Court, and it was denied "for lack of merit in the grounds presented." Thereafter, defendant began representing himself and emailed plaintiff's attorney directly requesting that his spousal support be significantly reduced, and that he not be required to pay any of plaintiff's attorney fees, stating that if he did not hear back from plaintiff's counsel, he would file a motion requesting such with the court. Plaintiff's counsel responded to defendant's e-mail attempting to dissuade defendant from filing the motion and warning him that if he filed a motion to reduce support without proper cause or change of circumstances, it would be frivolous, and plaintiff would again seek attorney fees and costs. Nevertheless, on July 3, 2017, defendant moved the trial court to "Correct Mistakes, Reduce Spousal Support, and Eliminate Payment of Attorney Fees." Plaintiff responded, requesting sanctions under MCR 2.114, arguing that defendant's motion was untimely, was not well grounded in fact, was not warranted by existing law, and was not a good-faith argument. The trial court agreed and granted plaintiff's request for sanctions under MCR 2.114. Defendant now appeals the trial court's March 28, 2018 award of attorney fees and costs to plaintiff, again re-litigating the same issues regarding the modification of spousal support and plaintiff's award of attorney fees. Thus, defendant has a history in the present case of continuing to make the same arguments already decided by the court.

The trial court correctly awarded plaintiff reasonable attorney fees and costs in the present case. First, according to ¶ 35 of the Judgment of Divorce, plaintiff is entitled to reasonable attorney fees and costs if defendant is noncompliant with the Judgment, and plaintiff must seek his compliance in court. On December 30, 2015, plaintiff moved to enforce ¶ 11 of the Judgment, which required defendant to pay any outstanding medical bills that plaintiff incurred through April 30, 2015, within 30 days of receipt of the bills. On January 13, 2016, the trial court granted plaintiff's motion in part, and ordered defendant to pay plaintiff's medical bills in the amount of $5,144.22. Thus, the trial court appropriately awarded attorney fees and costs in that instance.

Next, in domestic relations cases, attorney fees are authorized by statute, MCL 552.13, and by court rule, MCR 3.206(D)(2)(a), which permits a court to award attorney fees in a domestic relations case if the party requesting fees alleges "facts sufficient to show that . . . the party is unable to bear the expense of the action, and that the other party is able to pay[.]" Ultimately, the court must examine the "particular factual circumstances" of the case and give "special consideration to the specific financial situations of the parties and the equities involved." *Loutts v Loutts (After Remand)*, 309 Mich App 203, 217-218; 871 NW2d 298 (2015). A "party may not be required to invade her assets to satisfy attorney fees when she is relying on the same assets for her support." *Maake v Maake*, 200 Mich App 184, 189; 503 NW2d 664 (1993). In *Stallworth v Stallworth*, 275 Mich App 282, 288-289; 738 NW2d 264 (2007), a domestic relations case, this Court found:

> Because plaintiff's yearly income is less than the amount she owed her attorney, she sufficiently demonstrated her inability to pay her attorney fees. Furthermore, defendant earns more than double what plaintiff earns in a year, which demonstrated his ability to contribute to plaintiff's attorney fees. Under these circumstances, the trial court's ruling was within the range of reasonable and principled outcomes.

In the present case, plaintiff's imputed income of $35,000 from the arbitrator was less than the attorney fees she owed and significantly less than defendant's actual income. Defendant's income had increased from $76,500 to approximately $200,000 just five days after the Judgment was entered. Moreover, if plaintiff's actual income was considered, the disparity would be even greater. The trial court appropriately found that "there is clearly a disparity in income available to the parties." It correctly determined that defendant in fact had the ability to pay, while plaintiff was unable to bear the expense of the litigation and even had to go into her savings to pay her monthly living expenses. The trial court did not commit clear error in its factual findings as there is a clear disparity in income between the parties.

Finally, MCR 2.114 (now MCR 1.109(E)(5)(b), (6) and (7))[1] requires that the trial court "shall" award costs and fees when a motion is neither well grounded in fact nor warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. "The inclusion of the word 'shall' in the subrule clearly encourages the use of the sanction provision." *Hicks v Ottewell*, 174 Mich App 750, 756; 436 NW2d 453 (1989). Furthermore, an award of "attorney fees [is] authorized when the party requesting payment of the fees has been forced to incur them as a result of the other party's unreasonable conduct in the course of the litigation." *Milligan* v *Milligan*, 197 Mich App 665, 671; 496 NW2d 394 (1992); *Stackhouse*, 193 Mich App at 445.

In *Vittiglio v Vittiglio*, 297 Mich App 391, 396; 824 NW2d 591 (2012), the plaintiff challenged entry of judgment on the basis of a mediation settlement. This Court found that the plaintiff had " 'buyer's remorse' and simply wanted 'a do-over,' but she had no reasonable basis

---

[1] Former MCR 2.114(D)(1)-(3), (E), and (F) is identical to current MCR 1.109(E)(5)(a)-(c), (6), and (7), respectively. This change was effective September 1, 2018. 501 Mich xxix.

to believe that the facts underlying her legal position were true." *Id.* at 407. Her inconsistent behavior proved that her filings were not well grounded in fact in violation of MCR 2.114(E). *Id.* Similarly, in the present case, defendant knowingly entered into and agreed to binding arbitration; the parties had 21 days from March 16, 2015, to seek to vacate the arbitration award under MCR 3.602(J)(3); neither party sought to vacate the award; and on May 15, 2015, the trial court confirmed the award and entered the Judgment, which was approved as to form by both parties and their attorneys. As plaintiff correctly points out, defendant appears to now want a "do-over" in the present case, as he continues to relitigate the same issues that have already been decided. In *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 408-409; 651 NW2d 756 (2002), the trial court sanctioned the plaintiff under MCR 2.114(E) for attempting to relitigate issues that had been addressed in a prior case. This Court found that because the plaintiff sought to relitigate the same issues, the defendants had to incur the same costs twice, which was a factor in awarding sanctions. *Id.* In *Briarwood v Faber's Fabrics, Inc*, 163 Mich App 784, 794-795; 415 NW2d 310 (1987), this Court held that because MCR 2.114 does not require a finding of improper purpose before the imposition of sanctions, it is sufficient to find that "unreasonableness, objectively considered, violates the rule."

In its July 5, 2016 opinion and order modifying spousal support, the trial court in this case specifically found that there was a causal connection between defendant's unreasonable conduct, and the fees and expenses incurred by plaintiff. Later, in its July 18, 2017 order granting sanctions to plaintiff under MCR 2.114, the trial court found that defendant's motion to correct mistakes, reduce spousal support, and to eliminate attorney fees was untimely, and even if it was timely, it was completely frivolous. The trial court's findings were accurate. Defendant's motion was frivolous as there was no basis for any of the relief sought in the motion and it was not well grounded in fact. The motion sought to set aside the July 5, 2016 opinion and order modifying spousal support one year or more after its entry, even though the trial court denied defendant's motion for reconsideration of that opinion and order, and this Court also denied his application for leave to appeal it. Therefore, the trial court did not clearly err, nor did it abuse its discretion in finding defendant's conduct throughout this litigation as unreasonable, and not well grounded in fact.

In its March 28, 2018 opinion and order granting attorney fees and costs to plaintiff, the trial court based the reasonableness of the requested attorney fees on the factors set forth in *Smith v Khouri*, 481 Mich 519; 751 NW2d 472 (2008), and *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573; 321 NW2d 653 (1982). The trial court analyzed each of these factors finding that plaintiff's attorney's rates were reasonable, the attorney's partner's and associate's rates were also reasonable, defendant never contested their rates, and plaintiff's attorney spent a reasonable amount of hours on this case given the "contentious and litigious nature" of the case and defendant's "unreasonable conduct." The trial court concluded that this case involved "an extraordinary amount of time and labor," which required navigating "complex spousal support issues," and that defendant had "made resolution of the modification of spousal support in this case extremely difficult, if not impossible."

Therefore, the trial court correctly granted plaintiff reasonable attorney fees and costs, including those incurred from 2015 through 2017, and those incurred in responding to defendant's leave to appeal the spousal support increase, because (1) according to ¶ 35 of the Judgment of Divorce, plaintiff is entitled to reasonable attorney fees and costs if defendant is

noncompliant with the Judgment and plaintiff must seek his compliance in court (plaintiff did seek defendant's compliance on December 30, 2015, and won on January 13, 2016); (2) in domestic relations cases attorney fees are authorized by MCL 552.13 and by MCR 3.206(D)(2)(a), if the party requesting fees alleges "facts sufficient to show that . . . the party is unable to bear the expense of the action, and that the other party is able to pay" (there was clearly a disparity in income available to the parties here); and (3) MCR 2.114 (now MCR 1.109(E)(5)(b), (6) and (7)) requires that the trial court "shall" award costs and fees when a motion is neither well grounded in fact nor warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and when defendant's unreasonable conduct caused plaintiff to incur additional fees and costs (defendant's arguments, including his July 2017 motion to correct mistakes, reduce spousal support, and eliminate attorney fees, are repeated, unreasonable, and not well grounded in fact). The trial court did not clearly err, nor did it abuse its discretion in awarding plaintiff reasonable attorney fees and costs. As the prevailing party, plaintiff may tax costs.[2]

Affirmed.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Thomas C. Cameron

---

[2] Plaintiff has requested that sanctions be imposed against defendant pursuant to MCR 7.216(C). According to MCR 7.216(C)(1), sanctions for a vexatious appeal may be awarded on this Court's own initiative or when a party files a motion under MCR 7.211(C)(8). Pursuant to MCR 7.211(C)(8), "[a] party's request for damages or other disciplinary action under MCR 7.216(C) must be contained in a motion filed under this rule. A request that is contained in any other pleading, including a brief filed under MCR 7.212, will not constitute a motion under this rule." Thus, a request for sanctions for a vexatious appeal must be made in a proper motion. *Prentis Family Found v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 60; 698 NW2d 900 (2005). There is no indication that plaintiff has separately filed a motion for sanctions at the appellate level. Therefore, we decline to address the issue of whether additional costs and attorney fees are warranted.